Jesse I. and Jamie November LASKY husband and wife, individually and as parents and natural guardians of their minor son, Gregory Lasky

v.

CONTINENTAL PRODUCTS CORPORATION, et al.

Civ. A. No. 82–3415.

United States District Court,
E.D. Pennsylvania.

April 28, 1983.

See also, D.C., 97 F.R.D. 717.

William A. Zurzolo, Philadelphia, Pa., for plaintiffs.

Neil Jokelson, Philadelphia, Pa., for defendant, Continental Products Corp.

George J. Lavin, Jr., Philadelphia, Pa., for defendant, Nissan Motor Corp. Ltd.

MEMORANDUM

NEWCOMER, District Judge.

■ Before the court is the motion of defendant, Nissan Motor Co. Ltd. ("Nissan-Japan") to set aside the default entered against it in this case. The default will be set aside because I find that service was not properly made on Nissan-Japan.

The plaintiffs, in August of 1982, served a complaint upon the Nissan Motor Corporation in U.S.A. ("Nissan-U.S.A."), a wholly owned subsidiary of Nissan-Japan. The complaint identified both Nissan-Japan and Nissan-U.S.A. as defendants. Plaintiffs contend that this is proper service on Nissan-Japan under F.R.C.P. 4(d)(3) in that Nissan-U.S.A. is a "managing agent" for Nissan-Japan and consequently may accept service on Nissan-Japan's behalf.

Nissan-Japan has supplied the court with uncontested affidavits demonstrating that Nissan-U.S.A., while a wholly owned subsidiary of Nissan-Japan, is a separate corporate entity which sets its own management policy and maintains separate books and records. None of the plaintiffs' allegations, even accepted as true, would show that Nissan-U.S.A. is so dominated and con-

trolled by Nissan-Japan as to warrant a finding that service on Nissan-U.S.A. constituted service on Nissan-Japan pursuant to F.R.C.P. 4(d)(3). *See Stoehr v. American Honda Motor Co.,* 429 F.Supp. 763 (D.Neb. 1977).

Because plaintiffs have failed to show that effective service was made on Nissan-Japan, the default will be vacated.

█ I further note, that even if service on Nissan-U.S.A. did constitute effective service on Nissan-Japan, I would vacate the default pursuant to F.R.C.P. 55(c).

In order to vacate a default under Rule 55(c), the court must determine whether good cause has been shown for the vacation of that default. In determining whether there is good cause, the court must consider (1) whether the defendant's failure to answer is excusable, (2) whether the setting aside of the default will prejudice the plaintiffs, and (3) whether the defendant has asserted a meritorious defense to plaintiffs' claim. *Farnese v. Bagnasco,* 687 F.2d 761 (3rd Cir.1982); *Medunic v. Lederer,* 533 F.2d 891 (3rd Cir.1976).

As this opinion demonstrates, it would not be at all unreasonable for defendant to believe that it had not been properly served and thus, was under no obligation to answer. Therefore I find that the failure to answer would, if Nissan-Japan had been served, constitute excusable neglect.

Furthermore, the plaintiffs have pointed to no prejudice that would result from the setting aside of the default except that this court would be sending a message that the defendant could act with "impunity" during the balance of the litigation. This is not the sort of prejudice required to prevent the setting aside of a default.[1]

Finally, Nissan-Japan has alleged a meritorious defense to the action, in that it points to facts which could prevent the plaintiffs from showing, in this products liability action, that defendant's product was defective. At this point in the litiga-

tion, before Nissan-Japan has had the benefit of conducting discovery, it would be unfair to require Nissan-Japan to put forward specific factual defenses to the plaintiffs' claim in this case which will be largely decided on the basis of highly technical expert testimony.

---

**1.** I note that the plaintiffs have already served Nissan-Japan pursuant to the terms of the Hague Convention, and that Nissan-Japan is pre-

pared to answer and proceed with the litigation upon the setting aside the default.