**Yvette BROOKS, Plaintiff,**

v.

**BACARDI RUM CORP., Defendant.**

No. 96–CV–2147.

United States District Court, E.D. Pennsylvania.

Nov. 6, 1996.

---

Marc Antony Arrigo, Law Offices of Conrad J. Benedetto, Philadelphia, PA, for Plaintiff.

Thomas L. Delevie, Sweeney, Sheehan & Spencer, Philadelphia, PA, for Defendant.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Plaintiff Yvette Brooks has brought this diversity action against Defendant Bacardi Rum Corporation ("Bacardi") pursuant to 28 U.S.C. § 1332. This lawsuit arises out of an incident occurring on August 18, 1994 in which plaintiff fell while touring defendant's premises in San Juan, Puerto Rico.

Defendant has filed a motion to dismiss Ms. Brooks' complaint for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2), and for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). Defendant has also filed a motion to dismiss a subsequent amended complaint filed by plaintiff. This memorandum resolves these motions.

## BACKGROUND

Plaintiff Yvette Brooks was a tourist in San Juan, Puerto Rico in August 1994. While touring Puerto Rico, Ms. Brooks went on a tour of the Bacardi Rum Factory located in San Juan. While on the tour, Ms. Brooks slipped and fell on Bacardi's premises and was injured.

On March 13, 1996 plaintiff filed a complaint against Bacardi. Defendant answered plaintiff's complaint and raised two defenses, namely lack of personal jurisdiction, and failure to state a claim upon which relief may be granted, the latter claim being based upon the passage of the statute of limitations. After defendant filed its answer, plaintiff filed an amended complaint without leave of the court or consent of opposing counsel. The amended complaint alleged the same facts against Defendant Bacardi as the original complaint, but it added an additional party, Passport Travel, a Connecticut corporation which had arranged the vacation tour. On September 6, 1996, Defendant filed its brief in support of its motion to dismiss based on the personal jurisdiction and statute of limitations defenses. Defendant's motion was addressed to plaintiff's first complaint since defendant claims that it was never served with plaintiff's amended complaint. Defendant then filed a motion to strike plaintiff's amended complaint, and also attached as an exhibit to this motion, a letter from the owner of Passport Travel claiming that it too was never served with the amended complaint.

## DISCUSSION

### I. Personal Jurisdiction

■ Once a defendant raises a personal jurisdiction defense, the plaintiff bears the burden of coming forward with a set of facts sufficient to create a prima facie case of jurisdiction. *Mellon Bank PSFS v. Farino*, 960 F.2d 1217, 1223 (3d Cir.1992); *Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987). Plaintiff's jurisdictional allegations must be supported with appropriate affidavits or documents, because a Rule 12(b)(2) motion "requires resolution of factual issues outside the pleadings." *Time Share Vacation Club v. Atlantic Resorts, Ltd*, 735 F.2d 61, 67 n. 9 (3d Cir.1984); *Strick Corp. v. A.J.F. Warehouse Distrib., Inc.*, 532 F.Supp. 951, 953 (E.D.Pa. 1982).

■ A federal district court is permitted to exercise "personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." *Provident*, 819 F.2d at 436 (citing Fed.R.Civ.P. 4(e)).

■ Pennsylvania's long-arm statute provides for both general and specific personal jurisdiction. General jurisdiction exists when the non-resident defendant is deemed "present" in the state by virtue of its voluntary actions, such as maintaining continuous and substantial forum contacts, consenting to jurisdiction, or being domiciled in the state. 42 Pa.Cons.Stat.Ann. § 5301. Specific personal jurisdiction is found if the cause of action arises through any one of the following contacts with the state: (1) transacting business in Pennsylvania (2) contracting to supply services or things in the Commonwealth (3) causing harm or tortious injury by an act or omission in Pennsylvania (4) causing harm

or tortious injury in Pennsylvania by an act or omission outside the state (5) having an interest in or using or possessing real property in the state (6) engaging in the insurance business in the state (7) accepting an election or appointment in the state (8) executing a bond (9) making an application to a governmental unit for any certification, license or similar instrument or (10) committing a violation within the state of any law or court order. 42 Pa.Cons.Stat.Ann. § 5322(a)(1)–(10).

Pennsylvania's jurisdiction extends to the "fullest extent allowed under the Constitution of the United States and may be based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." § 5322(b). The due process limit of long-arm jurisdiction is defined in a series of Supreme Court decisions including *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); and *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). The Supreme Court has held that jurisdiction is proper when a defendant purposefully establishes "minimum contacts" in the forum state, by deliberately engaging in significant activities or by creating continuing obligations such that he has "availed himself of the privilege of conducting business there." *Burger King*, 471 U.S. at 475–76, 105 S.Ct. at 2184; *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158. These acts must be "such that [a defendant] should reasonably anticipate being haled into court [in the forum State]." *World–Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. at 567. Further, the exercise of jurisdiction must comport with "traditional notions of fair play and substantial justice." *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940). Thus, when determining whether personal jurisdiction exists, courts must resolve the question based on the circumstances that the particular case presents. *Burger King*, 471 U.S. at 485, 105 S.Ct. at 2189.

Defendant Bacardi Rum Corporation is a Delaware corporation with its principal place of business in San Juan, Puerto Rico. In support of its motion to dismiss, defendant has attached an affidavit from Frederick J. Wilson, III, the secretary and general counsel of Bacardi–Martini USA ("Bacardi USA"). In his affidavit, Mr. Wilson avers that Bacardi USA is a Delaware corporation with its principal place of business in Miami. Mr. Wilson further states that Bacardi sells its products to Bacardi USA and Bacardi International Limited, a Bermuda Corporation. Bacardi USA then sells Bacardi products to U.S. customers, including the Pennsylvania Liquor Control Board. Bacardi USA does all the advertising for Bacardi Rum products in the U.S. and, according to Mr. Wilson, Bacardi does not do business in the U.S. at all or have any contacts with this country.

In response, plaintiff has stated that Bacardi should be subject to personal jurisdiction because it conducts business in Pennsylvania through its "various subsidiaries and subdivisions." Plaintiff has not offered any proof such as affidavits or other evidence in support of its claim. Nor has plaintiff even alleged any other facts than the above-quoted sentence to show why this court should assert jurisdiction over Bacardi. If plaintiff is arguing that Bacardi USA is the alter ego of Bacardi, plaintiff has the burden of proving that fact. *Kaplan v. First Options of Chicago*, 19 F.3d 1503, 1521 (3d.Cir.1994). If plaintiff is arguing that the conduct of Bacardi's subsidiaries should be imputed to Bacardi for purposes of a personal jurisdiction analysis, plaintiff also has the burden of proving that it would be appropriate in this case. *Lasky v. Continental Products Corp.*, 97 F.R.D. 716, 717 (E.D.Pa.1993). In fact, plaintiff must meet at least one of three tests in order to successfully show that the contacts of Bacardi's subsidiary must be considered by this court in determining if there is a sufficient basis to assert personal jurisdiction over Bacardi.

The first test would require plaintiff to show that the independence of the two entities has been disregarded. *Gallagher v. Mazda Motor of America*, 781 F.Supp. 1079, 1085 (E.D.Pa.1992); *Reverse Vending Assoc v. Tomra Sys., Inc.*, 655 F.Supp. 1122, 1128

(E.D.Pa.1987); *Clark v. Matsushita Elec. Indus.*, 811 F.Supp 1061, 1068 (M.D.Pa.1993). The second test would require plaintiff to show that the parent company exercises such total control over the subsidiary, that both companies should be considered one company for purposes of a jurisdictional analysis. *Gallagher*, 781 F.Supp. at 1084. Under the third test, plaintiff must prove that the subsidiary performs important functions which the parent would otherwise have to perform itself. *Id.*

In this case, plaintiff Brooks has not alleged any of the above. She has not even alleged the exact relationship of Bacardi to Bacardi-USA. It could be that plaintiff's statement that Bacardi distributes its products through its subsidiaries and subdivisions in the U.S. was an attempt to show that Bacardi's U.S. subsidiaries perform indispensable functions for Bacardi. Plaintiff could have then intended to argue that we should therefore assert personal jurisdiction over Bacardi based on its subsidiary's contacts. Nevertheless, plaintiff has not alleged facts that would show that Bacardi's U.S. subsidiaries perform indispensable functions for it, nor has she even stated clearly that that is her theory. Furthermore, she has not given us any facts about Bacardi USA's Pennsylvania contacts. We therefore find that plaintiff has failed to meet her burden on this issue. Accordingly, Defendant Bacardi's motion to dismiss the complaint is granted for lack of personal jurisdiction, and we need not resolve the statute of limitations issue.

## II. Motion to Strike Amended Complaint

Plaintiff Brooks filed an amended complaint after Defendant Bacardi had filed its answer, but she did not seek leave of the court or consent of opposing counsel before doing so. Defendant Bacardi urges us to dismiss this amended complaint.

Federal Rule of Civil Procedure 15(a) provides that a party may amend her pleadings if no responsive pleading has been served. If a responsive pleading has been served, the party seeking to amend must obtain permission from the court or consent of opposing counsel before amending the pleading. Rule 15(a) further provides that leave to amend shall be freely granted when justice requires.

Courts have generally held that leave to amend is to be freely granted as long as (a) there is no undue delay in permitting the amendment, (b) the request for an opportunity to amend is not advanced in bad faith, (c) there have not been repeated failures to cure deficiencies in previous amendments (d) there is no prejudice to opposing counsel in allowing an amendment and (e) the proposed amendment would not be futile. *Dole v. Arco Chemical Co.*, 921 F.2d 484, 486–7 (3d Cir.1990).

Since leave to amend is usually freely granted, we have considered plaintiff's amended complaint in resolving the personal jurisdiction issue. We find that plaintiff's amended complaint does not add anything that would warrant this court's assertion of jurisdiction over Bacardi. In fact, the problem is not with plaintiff's first or amended complaint, rather, it is that plaintiff has failed to meet her burden of persuasion by providing evidence to show that Bacardi is to be subject to this court's jurisdiction. Nevertheless, we will not strike plaintiff's amended complaint since it adds another party, Passport Travel, who has not appeared in this action to date. We will leave it to Passport Travel to respond if it chooses to do so. We will however dismiss defendant Bacardi's motion to strike plaintiff's amended complaint and we will consider that motion moot, since we have already determined that Bacardi is not subject to this court's jurisdiction.

An appropriate Order follows.

### ORDER

AND NOW, this 6th day of November, 1996, upon consideration of the Motion of Defendant Bacardi Rum Corporation to Dismiss the Complaint, said Motion is GRANTED.

FURTHER, Defendant Bacardi Rum Corporation's Motion to Strike the Amended Complaint is DISMISSED as MOOT, in light of the attached memorandum.