**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Moore v. Mt. Carmel Health Sys.*, **Slip Opinion No. 2020-Ohio-4113.]**

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2020-OHIO-4113

MOORE, CONSERVATOR, APPELLEE, *v.* MOUNT CARMEL HEALTH SYSTEM D.B.A. MOUNT CARMEL ST. ANN'S HOSPITAL ET AL., APPELLANTS.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Moore v. Mt. Carmel Health Sys.*, **Slip Opinion No. 2020-Ohio-4113.]**

*Civil law—Savings statute—R.C. 2305.19(A)—The savings statute may be applied only when its terms have been met—Court of appeals' judgment reversed and cause remanded.*

(Nos. 2018-1233 and 2018-1479—Submitted November 13, 2019—Decided August 20, 2020.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, No. 2017APE-10-754, 2018-Ohio-2831.

_____

**DEWINE, J.**

**{¶ 1}** This case requires us to examine the interplay between Ohio's savings statute, R.C. 2305.19(A), and the provisions of Civ.R. 3(A) to determine whether

an action is barred by the statute of limitations. The statute of limitations prohibits an action unless it is "commenced" prior to the expiration of the statute. Civ.R. 3(A) says that an action is "commenced" at the time it is filed *if* service is obtained within one year. The savings statute provides that when an action is dismissed other than on the merits, the plaintiff may refile the action within one year.

{¶ 2} Here, the plaintiff filed the action just before the expiration of the statute of limitations. The plaintiff did not obtain service within one year, however. Nor did he dismiss the action during that period. The question is whether the plaintiff can nevertheless rely upon the savings statute. We hold that he may not. Because the action was not commenced within the statute-of-limitations period, it fails. The savings statute cannot be used to revive the action.

### Moore Files Suit One Day Prior to the Expiration of the Statute of Limitations

{¶ 3} Michael Moore filed a complaint alleging medical malpractice for injuries suffered by his son during a medical procedure that was performed on January 20, 2014. Moore sued multiple defendants, including Dr. Eric Humphreys, the anesthesiologist who treated his son; Mount Carmel St. Ann's Hospital ("Mount Carmel"), where the procedure was performed; and Central Ohio Anesthesia, Inc., the practice group with which Dr. Humphreys worked.

{¶ 4} The statute of limitations for medical claims is one year. R.C. 2305.113(A). That period may be extended if, before the expiration of the limitations period, the plaintiff gives written notice to the defendant that he intends to bring a claim. R.C. 2305.113(B)(1). In such event, the action may be commenced at any time within 180 days after the notice was given. Moore took advantage of this provision, extending his deadline to commence the action to July 7, 2015. He filed his complaint one day prior to this deadline, on July 6, 2015. Simultaneously, Moore requested service of the complaint and summons on all three defendants.

{¶ 5} Timely service was obtained on Central Ohio Anesthesia and Mount Carmel, but Moore failed to obtain service on Dr. Humphreys during the year following the filing of the complaint as required by Civ.R. 3(A). An attempt to serve Dr. Humphreys by certified mail at Mount Carmel was unsuccessful; Dr. Humphreys had retired and was no longer seeing patients at Mount Carmel or elsewhere.

{¶ 6} Mount Carmel filed an answer to the complaint and raised a statute-of-limitations defense and an insufficiency-of-service-of-process defense. Central Ohio Anesthesia and Dr. Humphreys jointly filed an answer and also raised those defenses.

**Moore Serves Dr. Humphreys More Than One and a Half Years after Filing**

{¶ 7} In February 2017, Central Ohio Anesthesia, Dr. Humphreys, and Mount Carmel all moved for summary judgment. They argued that Moore's claim against Dr. Humphreys was time-barred because Moore failed to serve him within Civ.R. 3(A)'s one-year commencement period. Mount Carmel and Central Ohio Anesthesia further asserted that because the claim against Dr. Humphreys was time-barred, they could not be vicariously liable. On March 2, 2017, Moore again issued instructions to the clerk to attempt personal service on Dr. Humphreys. Service was finally perfected on Dr. Humphreys at his residence on March 10, 2017.

{¶ 8} The trial court granted summary judgment in favor of all three defendants. The court found that the lawsuit against Dr. Humphreys was barred by the statute of limitations. It noted that under our precedent, Dr. Humphreys's participation in the case did not prevent him from raising the defense of insufficient service of process, citing *Gliozzo v. Univ. Urologists*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, ¶ 18. Although Moore had initially filed the lawsuit within the limitations period, he neither obtained service on Dr. Humphreys within one year as required by Civ.R. 3(A), nor did he dismiss his lawsuit during that time. Thus, the claim against Dr. Humphreys was not commenced prior to the expiration

of the statute of limitations and was barred. As a consequence, the court ruled, "Dr. Humphreys is dismissed with prejudice from this lawsuit because plaintiff's claims against him are barred by the statute of limitations." And, concluding that Mount Carmel and Central Ohio Anesthesia could only be vicariously liable, the court found that any liability of both parties was "extinguished." The court thus granted summary judgment and entered final judgment in favor of Dr. Humphreys, Central Ohio Anesthesia, and Mount Carmel and against Moore "on the merits."

{¶ 9} Moore appealed. The Tenth District Court of Appeals reversed and held that the savings statute applied to Moore's claim against Dr. Humphreys. For the savings statute to apply, an action must fail other than on the merits and then the plaintiff must commence a new action within one year of that failure. R.C. 2305.19(A). Relying on *Goolsby v. Anderson Concrete Corp.*, 61 Ohio St.3d 549, 575 N.E.2d 801 (1991), the court of appeals construed Moore's instructions for service of process on March 2, 2017, as a voluntary dismissal of his action and a refiling of a new action against Dr. Humphreys by operation of law. The court further concluded that this dismissal by operation of law was a failure "otherwise than on the merits," even though the statute of limitations had expired. 2018-Ohio-2831, 117 N.E.3d 89, ¶ 2. Thus, it concluded that the savings statute allowed Moore an additional year to perfect service of his complaint, which was accomplished on March 10, 2017. Having determined that the claim against Dr. Humphreys was not time-barred, the court of appeals dismissed as moot Moore's remaining assignment of error, which argued that his claim against Central Ohio Anesthesia survived even if the claim against Dr. Humphreys was barred by the statute of limitations.

{¶ 10} The court of appeals acknowledged that several other courts of appeals have held *Goolsby* to be inapplicable in similar situations. *See, e.g.*, *Anderson v. Borg-Warner Corp.*, 8th Dist. Cuyahoga Nos. 80551 and 80926, 2003-Ohio-1500; *Bentley v. Miller*, 9th Dist. Summit No. 25039, 2010-Ohio-2735; *Gibson v. Summers*, 11th Dist. Portage No. 2008-P-0032, 2008-Ohio-6995.

4

Finding its decision to be in conflict with these cases, the court of appeals certified the following question to this court:

> "Does the Ohio savings statute, R.C. 2305.19(A), apply to an action in which a plaintiff attempts, but fails to perfect service on the original complaint within one year pursuant to Civ.R. 3(A)? If so, when a plaintiff files instructions for service after the Civ.R. 3(A) one-year period, does the request act as a dismissal by operation of law and also act as the refiling of an identical cause of action so as to allow the action to continue?"

154 Ohio St.3d 1436, 2018-Ohio-4732, 112 N.E.3d 922.

{¶ 11} Mount Carmel filed a discretionary appeal to this court, as did Dr. Humphreys and Central Ohio Anesthesia. They raised similar propositions of law, essentially asserting that once the applicable statute-of-limitations period expires, the savings statute cannot be used to revive a cause of action that was not timely commenced under Civ.R. 3(A). This court accepted both discretionary appeals and consolidated them with the certified-conflict case. 154 Ohio St.3d 1437, 2018-Ohio-4732, 112 N.E.3d 922.

{¶ 12} Before we begin our analysis, and to make all this easier to follow, we restate the pertinent dates below:

| 01/20/2014 | Date of alleged injury |
| --- | --- |
| 07/06/2015 | Complaint filed |
| 07/07/2015 | Expiration of the statute of limitations |
| 07/06/2016 | Date by which service must be obtained to commence action under Civ.R. 3(A) |
| 02/2017 | Summary-judgment motions filed |
| 03/02/2017 | Instructions for service on Dr. Humphreys |

| 03/10/2017 | Service on Dr. Humphreys obtained |
|---|---|

**By Its Plain Terms, the Savings Statute Does Not Save Moore**

{¶ 13} To resolve the question in front of us, we need to examine the statute of limitations, the commencement requirement in Civ.R. 3(A), and the savings statute, R.C. 2305.19(A).

{¶ 14} The applicable statute of limitations is R.C. 2305.113, which states that "an action upon a medical * * * claim shall be *commenced* within one year after the cause of action accrued."  (Emphasis added.)  R.C. 2305.113(A).  Here, because Moore took advantage of the 180-day extension provided for in R.C. 2305.113(B)(1), he was required to "commence" his action by July 7, 2015.

{¶ 15} Civ.R. 3(A) determines when an action is commenced:

> A civil action is *commenced* by filing a complaint with the court, *if service is obtained within one year* from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D).

(Emphasis added.)  *See also* R.C. 2305.17.

{¶ 16} The upshot of the aforementioned provisions is that to comply with the statute of limitations, an action must be "commenced" within the limitations period.  Under Civ.R. 3(A), this occurs when the action is filed within the limitations period and service is obtained within one year of that filing.

{¶ 17} That brings us to Ohio's savings statute.  It provides:

6

> In any action that is commenced or attempted to be commenced * * *, if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the * * * plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later.

R.C. 2305.19(A).

{¶ 18} Under the plain language of these three provisions, Moore's claim is barred by the statute of limitations. Moore filed his action within the limitations period but did not obtain service on Dr. Humphreys during the one-year commencement period pursuant to Civ.R. 3(A). Thus, he did not commence his action within the statute-of-limitations period. As a result, as of July 7, 2016, his claim was time-barred.

{¶ 19} By its terms, the savings statute cannot save Moore's claim. In order for the statute to apply, the claim must have failed "otherwise than upon the merits" and then Moore must have filed a new claim within one year thereafter. Here, when Moore issued instructions to the clerk to serve the complaint in March 2017, Moore's claim hadn't failed other than on the merits. The case remained on the court's docket—it was subject to dismissal, to be sure, both because Moore had failed to accomplish service and because the statute of limitations had run. But no such dismissal had been entered, and if such dismissal had been entered, the expiration of the statute of limitations would have made the failure on the merits. *See LaBarbera v. Batsch*, 10 Ohio St.2d 106, 114-115, 227 N.E.2d 55 (1967) ("a judgment based upon the statute of limitations is generally regarded as on the merits and bars another action for the same cause"). Further, Moore did not file a "new action." The only thing he did was ask the clerk to serve the original complaint that

remained on the court's docket. Thus, if the savings statute means what it says, it does not apply.

{¶ 20} This would be a relatively simple case if all we had to grapple with was the language of the applicable rule and statutes; under a plain reading, the trial court properly found that Moore's claim was barred by the statute of limitations. But the court of appeals concluded that our decision in *Goolsby*, 61 Ohio St.3d 549, 575 N.E.2d 801, dictated a different result—a contention that Moore echoes in his briefing. So we take up *Goolsby*.

### *Goolsby* **Does Not Save Moore, Either**

{¶ 21} *Goolsby* involved the two-year statute of limitations for personal-injury claims. *See* R.C. 2305.10. Goolsby filed her complaint less than seven months after the date of her automobile accident (more than one year before the statute of limitations was set to expire). *Goolsby* at 549. Goolsby did not seek to serve her complaint within one year of filing. Instead, two days before the statute of limitations was set to expire, Goolsby instructed the clerk to execute service, which was obtained shortly thereafter. *Id.* The defendant argued that because Goolsby's complaint was not served for more than one year after it was filed, she had never commenced an action. *Id.* at 550. This court recognized that a "technical application" of Civ.R. (3)(A) would lead to the conclusion that Goolsby never commenced her action. *Id.* at 550. On the other hand, "had Goolsby dismissed her complaint and again filed it at the time instructions for service were given, the action would have been commenced according to Civ.R. 3(A)." *Id*. at 550-551. But the court worried that to require her to do so would lead to delay, unnecessary expense, and other impediments to the "expeditious administration of justice." *Id.* at 551. "Under these circumstances," the court explained, a strict application of Civ.R. 3(A) "would not comport with the spirit of the Civil Rules." *Id*. Thus, the court held that "[w]hen service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint *within rule* would

provide an additional year within which to obtain service and commence an action under Civ.R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint." (Emphasis added.) *Id.* at syllabus.

{¶ 22} The facts of the present case are quite different from the facts in *Goolsby*. When Goolsby issued her instruction to the clerk to attempt service of the complaint, she was still within the limitations period. Because the limitations period had not yet run, she could have simply dismissed her complaint without prejudice and refiled it. In contrast, when Moore issued his instructions to the clerk in March 2017, the statute of limitations period had already expired.

{¶ 23} This court applied *Goolsby*'s holding in a somewhat different context in *Sisk & Assocs., Inc. v. Commt. to Elect Timothy Grendell*, 123 Ohio St.3d 447, 2009-Ohio-5591, 917 N.E.2d 271. There, Sisk filed a complaint for breach of contract in September 2004, failed to obtain service within one year, and voluntarily dismissed the action. *Id.* at ¶ 2. Sisk refiled the complaint in 2005 but did not obtain service within one year of the 2005 complaint; instead, Sisk instructed the clerk to serve the defendant in 2007. *Id.* Service failed again, so the trial court dismissed the refiled action without prejudice. *Id.* The court of appeals affirmed, but we reversed. "To allow Sisk to proceed with its case, after twice failing to perfect service within a year," this court said, "would be a perversion of justice." *Id.* at ¶ 7. To avoid this result, the court applied *Goolsby*, 61 Ohio St.3d 549, 575 N.E.2d 801, and held that Sisk's instruction to serve process in 2007 should be construed as a dismissal and a refiling. *Sisk* at ¶ 8. Since Sisk had already dismissed the original complaint once, the second dismissal was with prejudice under Civ.R. 41(A)(1)(a). *Id.*

{¶ 24} The opinion in *Sisk* does not detail whether the statute of limitations had expired at the time the clerk was instructed to serve process in 2007. It appears

from the record, however, that it had not.[1]  Thus, *Sisk*, like *Goolsby*, is best understood as dealing with a situation where the original statute of limitations had not expired.

{¶ 25} The rationale underlying the rule announced in *Goolsby* (and applied in *Sisk*) is that in the circumstances of that case—where the statute of limitations had not run—it was an unnecessary and onerous procedural hurdle to force a plaintiff to dismiss and refile an identical complaint.  The key distinction between *Goolsby* and our case is that here, the statute of limitations had run when Moore requested that the clerk make a renewed attempt at service.  To apply the savings statute to revive the action in our case, despite the plain terms of Civ.R. 3(A), has the effect not of avoiding unnecessary procedural hoop jumping, but of extending the statute of limitations beyond the term set by the legislature.

{¶ 26} We have little difficulty in concluding that the rule announced in *Goolsby*, 61 Ohio St.3d 549, 575 N.E.2d 801, does not apply in this case.  But that leaves us with the question of the continued viability of our holding in *Goolsby*. Had we simply applied the plain language of the statutory scheme in *Goolsby*, we would have reached a different result.  Our decision in that case, however, was driven by an interest in judicial economy and avoiding unnecessary procedural hurdles.  As today's case demonstrates, however, some courts have extended *Goolsby* well beyond the facts of that case, and in so doing, have extended the statute of limitations beyond what was ordained by the legislature.  To prevent any further confusion, we make clear today that *Goolsby* is limited to the factual circumstance that motivated its holding.  Thus, the rule announced in *Goolsby*— that a new instruction to the clerk to serve a complaint that is made after Civ.R.

---

1. *See, e.g.,* Supreme Court of Ohio Case Information, case No. 2008-1265, https://www.supremecourt.ohio.gov/Clerk/ecms/#/caseinfo/2008/1265 (accessed Apr. 2, 2020) [https://perma.cc/FA9J-GZVY].

3(A)'s commencement period has expired may be treated as a dismissal and refiling for purposes of the savings statute—applies only when the statute of limitations has not yet expired.

### Nor Does the "Attempt to Commence" Language Save Moore

{¶ 27} Moore also argues that the failure to serve a complaint within Civ.R. 3(A)'s one-year commencement period is not determinative because the savings statute applies to "any action that is commenced *or attempted* to be commenced." (Emphasis added.) R.C. 2305.19(A). His argument goes like this: (1) he attempted to commence the action when he filed the complaint and made the initial request for service on Dr. Humphreys, (2) his claim failed "otherwise than upon the merits" on July 6, 2016, when he failed to obtain service during Civ.R. 3(A)'s one-year commencement period, but (3) the savings statute provided him an additional year (until July 5, 2017) to commence a new action, (4) which he accomplished when he issued instructions to the clerk and obtained service in March 2017.

{¶ 28} It is true that we have applied the savings statute when an action has not been commenced. In *Thomas v. Freeman*, 79 Ohio St.3d 221, 680 N.E.2d 997 (1997), we dealt with an action in which the plaintiff had filed a lawsuit and requested service within the statute-of-limitations period. *Id.* at 227. After the limitations period had run, but within Civ.R. 3(A)'s commencement period, the action was dismissed without prejudice without the plaintiff having obtained service. *Id.* Under these facts, we held that the plaintiff could use the savings statute to commence a new action within one year of the dismissal without prejudice. *Id.* at 227-228.

{¶ 29} *Thomas* dealt with a situation in which the terms of the savings statute had been complied with. There was an attempt to commence the action (the filing of the complaint and a request for service), the action was dismissed other than on the merits prior to the running of Civ. R. 3(A)'s commencement period, and a new action was filed. In contrast, here, the requirements of the savings statute

have not been met: there was no failure other than on the merits and there has been no filing of a new action.

{¶ 30} Moore would have us ignore these statutory requirements and ordain that the requirements of the savings statute were met by operation of law when Civ.R. 3(A)'s one-year commencement period passed without service of the complaint. In other words, Moore posits that when a plaintiff does not obtain service during the one-year commencement timeframe, the savings statute automatically gives him another year to perfect service. Moore's argument would essentially change Civ.R. 3(A)'s one-year commencement rule to a two-year commencement rule. We decline to adopt such a construction in the face of the explicit language of Civ.R. 3(A). The savings statute does not apply *automatically* to extend the one-year commencement requirement. It applies only when its terms are met: when an action is commenced or attempted to be commenced; when a judgment is reversed or an action fails other than on the merits, that is, when there is either a voluntary dismissal without prejudice under Civ.R. 41(A) or an involuntary dismissal without prejudice under Civ.R. 41(B); and when the complaint is refiled within one year.

**We Cannot Save Moore by Modifying the Trial Court's Judgment**

{¶ 31} The dissent agrees that we should not engage in the legal fiction of treating Moore's second request for service as a dismissal and refiling, but it would have us do something similar. It urges that we adopt what it terms the "alternative rationale" of the court of appeals and " 'modify the [trial court's] judgment [granting summary judgment] so that the dismissal would be without prejudice.' " Dissenting opinion at ¶ 38, quoting 2018-Ohio-2831, 117 N.E.3d 89, at ¶ 94. It says that upon remand from this court, Moore would have yet another year in which he could file his claim against Dr. Humphreys. Dissenting opinion at ¶ 39. (And then, of course, another year in which to serve the complaint under Civ. R. 3(A).) In other words, even though the statute of limitations indisputably expired on July

7, 2015 (and the deadline to commence on July 6, 2016), the dissent would allow Moore until at least late 2022 to "commence" his action against Dr. Humphreys. As far as the claims against the other parties, the dissent postulates that these would continue in the trial court, despite the fact that the trial court already entered summary judgment in favor of the defendants.

{¶ 32} But the imaginative fiction engaged in by the dissent fares no better than the one employed by the Tenth District. Remember, Moore filed his action on July 6, 2015. To avoid the running of the statute of limitations, he had to commence under Civ.R. 3(A) by obtaining service by July 6, 2016, or voluntarily dismiss his action within this time period to obtain the benefit of the savings statute. He failed to do so and thus, his action is time-barred. Thus, even if the dissent were to have its way and the grant of summary judgment in favor of Dr. Humphreys were somehow converted to a dismissal without prejudice, it wouldn't matter. Moore still couldn't refile because the statute of limitations has expired.

{¶ 33} For this reason, the dissent's extensive argument that the trial court erred in granting judgment on the merits while Dr. Humphreys was contesting the lack of service is an unnecessary tangent. However the judgment is characterized, Moore can't refile; the statute of limitations has expired. Nonetheless, to avoid reader confusion, it is worth pointing out that the dissent is simply wrong in its premise.

{¶ 34} Nothing in the Rules of Civil Procedure prevents a defendant from simultaneously asserting a statute-of-limitations defense and a defense of lack of service of process. The service requirement protects the defendant's right to due process. *See Wainscott v. St. Louis-San Francisco Ry. Co.*, 47 Ohio St.2d 133, 137, 351 N.E.2d 466 (1976). A court may enter judgment against *a plaintiff* even when it has not acquired jurisdiction over the defendant, because in such a case the plaintiff has submitted to the court's jurisdiction by filing the complaint. Thus, we have explained that a party may participate in a case—and thereby assert

affirmative defenses—and at the same time continue to maintain the defense of insufficiency of process as long as the defense was properly raised in the answer and properly preserved. *Gliozzo*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d 714, at syllabus. In this vein, in *Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984), we affirmed a trial court's dismissal of an action with prejudice in which a defendant had simultaneously asserted both failure-of-service and statute-of-limitations defenses. *See Maryhew v. Yova*, 11th Dist. Trumbull No. 3138, 1982 WL 5690, *1 (Nov. 26, 1982), *aff'd*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984); *see also Sisk,* 123 Ohio St.3d 447, 2009-Ohio-5591, 917 N.E.2d 271 (instructing that the plaintiff's second dismissal was with prejudice, even though the plaintiff had never obtained service over the defendant); *Cundall v. U.S. Bank*, 122 Ohio St.3d 188, 2009-Ohio-2523, 909 N.E.2d 1244, ¶ 21, fn. 1 (deciding the case based on the defendants' statute-of-limitations defense without reaching the defense of lack of personal jurisdiction).

{¶ 35} The dissent cites broad statements from a number of federal courts dealing with personal jurisdiction generally, and claims these statements support its view that a court is powerless to enter a dismissal with prejudice when service has not been obtained. But none of these cases deal with a dismissal for failure of service following the expiration of the statute of limitations. Indeed, even though Fed.R.Civ.P. 4(m) provides for a dismissal without prejudice for a lack of timely service, a federal court may enter a dismissal with prejudice for failure of service when the expiration of the statute of limitations would prevent the filing of a new complaint. *See, e.g., Cardenas v. Chicago*, 646 F.3d 1001 (7th Cir.2011) (dismissal with prejudice was appropriate when service requirements were not met properly and the statute of limitations had expired); *Zapata v. New York City*, 502 F.3d 192 (2d Cir.2007) (upholding dismissal of claim as "time barred" where plaintiff failed to obtain service within limitations period); *see also* 1 Moore, *Moore's Federal Practice*, Section 4.82[2], 4-150 to 4-151 (3d Ed.1997) ("any dismissal ordered

after expiration of the statute of limitations for failure to establish good cause [to extend service date] will be, in effect, with prejudice because plaintiff will be precluded from commencing a new action"). But again, this is all largely beside the point. Moore can't file a new action because the action became time-barred when he failed to commence his action within the limitations period.

{¶ 36} We resolve the certified-conflict question by stating that the savings statute may be applied only when its terms have been met. Thus, when, as here, (1) a plaintiff attempts to commence an action but fails to obtain service within Civ.R. 3(A)'s one-year commencement period and (2) the action has neither failed other than on the merits during that one-year period (i.e., been dismissed without prejudice) nor been refiled, (3) the plaintiff cannot use the savings statute to revive the action outside the limitations period.

**Conclusion**

{¶ 37} Moore's instructions for service of process, filed after the statute of limitations had expired, cannot be treated as a voluntary dismissal and a refiling of his complaint. Because there was neither a dismissal otherwise than on the merits nor the filing of a new action, the savings statute does not apply. The court of appeals erred in concluding otherwise. We reinstate the trial court's grant of summary judgment in favor of Dr. Humphreys and Mount Carmel. In the proceeding below, the court of appeals did not reach Moore's final assignment of error, which asserted that Central Ohio Anesthesia could be liable even if the claim against Dr. Humphreys was barred by the statute of limitations. In light of our decision today, we remand to the court of appeals for consideration of Moore's final assignment of error and for other proceedings consistent with this opinion.

Judgment reversed

and cause remanded.

O'CONNOR, C.J., and KENNEDY, FRENCH, and FISCHER, JJ., concur.

STEWART, J., dissents, with an opinion joined by DONNELLY, J.

**STEWART, J., dissenting.**

{¶ 38} I agree with the majority opinion's decision to limit *Goolsby v. Anderson Concrete Corp.*, 61 Ohio St.3d 549, 575 N.E.2d 801 (1991), to the facts of that case and with the majority opinion's holding that appellee Michael Moore's second request for service did not amount to dismissing and refiling the action against appellant Dr. Eric Humphreys. I would nevertheless affirm the Tenth District Court of Appeals' judgment based on its alternative rationale, which states:

> However, even if we concluded that the trial court should have dismissed the complaint because service was not obtained within one year, we would modify the judgment so that the dismissal would be without prejudice. This is abundantly clear, and if that occurred, Moore would be able to refile his complaint under the savings statute.

2018-Ohio-2831, 117 N.E.3d 89, ¶ 94.

{¶ 39} I agree with the appellate court that since Moore's action against Dr. Humphreys was dismissed for lack of service, it should be viewed as a dismissal without prejudice and thus a failure otherwise than on the merits. Moore should have an additional year to refile his complaint and serve it on Dr. Humphreys. Accordingly, I respectfully dissent from the majority's conclusion that the savings statute does not apply to save Moore's claims.

### Commencement of a Civil Action, the Statute of Limitations, and the Savings Statute

{¶ 40} Pursuant to Civ.R. 3(A), a civil action is commenced when a plaintiff files a complaint and obtains service on a named defendant within one year of that filing. Although Civ.R. 3(A) dictates how an action is commenced, it does not bar

16

an action from being commenced outside the time period prescribed by a statute of limitations.

{¶ 41} Suppose, for instance, that a plaintiff has a cause of action for an injury that occurred on January 1, 2018. Because the statute of limitations for such a claim is two years, *see* R.C. 2305.10(A), the limitations period for commencing the action would be January 1, 2020. *Id.* Suppose further that the plaintiff files suit on February 1, 2020—one month after the statute of limitations expired. The action would nevertheless be deemed "commenced," for purposes of Civ.R. 3(A), so long as the named defendant is served with the complaint within one year of filing. Of course, the defendant may raise the statute of limitations as a defense to the action by asserting it in the first responsive pleading. *See Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 59-60, 320 N.E.2d 668 (1974). But if the defendant fails to assert a statute-of-limitations defense, the defense is waived and the action will proceed in the ordinary course. *Id.*; *see also* R.C. 2305.03(A) (providing that when "interposed by proper plea by a party to an action * * *, lapse of time shall be a bar to the action"); Civ.R. 8(C) (requiring a defendant to timely assert a statute-of-limitations defense).

{¶ 42} Civ.R. 3(A) establishes when an action is commenced and therefore is naturally an important part of a statute-of-limitations analysis. Nevertheless, Civ.R. 3(A) and the statutory timing provisions for commencement of civil actions involve different concepts.

{¶ 43} R.C. 2305.19, the savings statute, insulates a plaintiff's claim from a statute-of-limitations defense when a complaint is filed, dismissed, and then refiled after the statute-of-limitations period has run. But R.C. 2305.19(A) will not save a refiled action unless three prerequisites are met: (1) the plaintiff either commences or at least attempts to commence the action, (2) a judgment for the plaintiff is reversed or the action fails otherwise than on the merits, and (3) within one year of the dismissal or failure, the plaintiff commences a new action against

the defendant. If the plaintiff satisfies these prerequisites, the newly commenced action relates back to the date on which the complaint had been filed in the original action. *See Frysinger v. Leech*, 32 Ohio St.3d 38, 42, 512 N.E.2d 337 (1987). If the complaint in the original action was filed outside the statute-of-limitations period, the defendant may assert a statute-of-limitations defense in the event that the original action is dismissed and a new one is commenced within one year, just as he could have done in the original action. But if, in the original action, the plaintiff filed the complaint within the statutory time limit, the defendant will have no viable statute-of-limitations defense if that action is dismissed without prejudice and a new one is commenced within one year because of the concept of relation back. *See id.*

{¶ 44} The majority seems to take the position that the statute of limitations operates as a jurisdictional bar to a lawsuit as a matter of course. This is not true. The statute of limitations is an affirmative defense in an action; the defense is waived when it is not properly asserted.

### A Dismissal for Failure of Service is Not a Dismissal on the Merits

{¶ 45} Dr. Humphreys and appellants Mount Carmel Health, d.b.a. Mount Carmel St. Ann's Hospital, and Central Ohio Anesthesia, Inc. (collectively, "appellants") argue that Moore's action against Dr. Humphreys fails on the merits because Dr. Humphreys was not served within one year of Moore's filing of the complaint and therefore the action was never commenced before the statute of limitations expired. Although this argument might appear to be sound on its face, it presents a couple of procedural problems that the majority fails to adequately address.

{¶ 46} In Dr. Humphreys's motion for summary judgment, he asserted an insufficiency-of-service defense together with a statute-of-limitations defense as part of an overall claim that the action filed against him should be dismissed with prejudice because Moore failed to commence the action against Dr. Humphreys

within the statute of limitations. By pursuing an insufficiency-of-service defense, Dr. Humphreys in effect maintains that the trial court never acquired personal jurisdiction over him. *See Laneve v. Atlas Recycling, Inc.*, 119 Ohio St.3d 324, 2008-Ohio-3921, 894 N.E.2d 25, ¶ 22 (failure to perfect service ultimately affects whether a court has personal jurisdiction over defendant); *see also Thomas v. Freeman*, 79 Ohio St.3d 221, 225, 680 N.E.2d 997 (1997) ("where a case is dismissed because the court did not have jurisdiction, such as in this case where service has not been perfected, the dismissal is always otherwise than on the merits"). Yet, while not submitting to the trial court's jurisdiction, Dr. Humphreys simultaneously asked the trial court to entertain his statute-of-limitations defense and enter judgment in his favor *on the merits of the claim.*

{¶ 47} Dr. Humphreys wants to have it both ways: he wants to maintain that the trial court does not have jurisdiction over him as a defendant while also relying on the jurisdictional authority of the court to grant judgment in his favor on a substantive and personal defense to an action. This court should not countenance these conflicting arguments. *Sinochem Intl. Co. Ltd. v. Malaysia Intl. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 167 L.Ed.2d 15 (2007) (In the federal system, a court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)"); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700 (3d Cir.1991) ("It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment"); *Sutton v. Stolt-Nielsen Transp. Group, Ltd.*, Tenn.App. No. E2008-01033-COA-R3-CV, 2009 WL 499521, *5 (Feb. 27, 2009) ("Generally, a court must have both personal and subject matter jurisdiction in order to adjudicate a claim on the merits"); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (a defendant must timely assert a lack-of-personal-jurisdiction defense "or he may forgo that right, effectively

consenting to the court's exercise of adjudicatory authority"); *Norris v. Six Flags Theme Parks, Inc.*, 102 Haw. 203, 74 P.3d 26 (2003) ("trial courts must determine the question of jurisdiction before deciding other dispositional matters such as a statute of limitations defense"); *Brooks v. Bacardi Rum Corp.*, 943 F.Supp. 559, 562-563 (E.D.Pa.1996) (after the district court granted the defendant's motion to dismiss the complaint for lack of personal jurisdiction, the district court declined to review the defendant's statute-of-limitations defense); *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.,* 512 F.3d 137, 141 (5th Cir.2007), fn. 1 (when a defendant asserted a statute-of-limitations defense, it conceded that the court had personal jurisdiction).

**{¶ 48}** Of course, no rule prevents a defendant from presenting a statute-of-limitations defense in addition to an insufficiency-of-service defense, but these arguments are designed to be offered in the alternative. After all, the two defenses are at odds with each other. The defense of insufficient service challenges a trial court's personal jurisdiction over a defendant and a dismissal on this ground results in a dismissal without prejudice. On the other hand, a statute-of-limitations defense is a substantive defense that challenges the merits of a claim; a dismissal on such grounds is a dismissal with prejudice. *LaBarbera v. Batsch*, 10 Ohio St.2d 106, 115-116, 227 N.E.2d 55 (1967). In this case, however, maintaining an insufficiency-of-service defense and a statute-of-limitations defense in the alternative does nothing to help the defendants' position. If Dr. Humphreys asserted and prevailed on his insufficiency-of-service defense, then the case against him should be dismissed without prejudice. On the other hand, if Dr. Humphreys asked the court to rule on his statute-of-limitations defense, then he would be conceding to the trial court's jurisdiction over him as a defendant and any insufficiency-of-service claim would no longer matter. The problem with doing

this, however, is that if Dr. Humphreys were to concede that the trial court has personal jurisdiction over him, then the action would be deemed commenced.[2]

{¶ 49} The majority maintains that there is nothing wrong with a trial court proceeding to rule on a defendant's merits defense after determining that personal jurisdiction over the defendant does not exist. As support for this position, the majority explains that the service requirement is meant to protect a defendant's right to due process and that a court may enter a judgment against a plaintiff even when it has not acquired jurisdiction over the defendant because the plaintiff has submitted to the trial court's jurisdiction by filing the complaint. It further notes that in one of our previous cases, *Maryhew v. Yova*, 11 Ohio St.3d 154, 464 N.E.2d 538 (1984), this court affirmed a trial court's dismissal of an action with prejudice when the defendant asserted both a failure-of-service defense and statute-of-limitations defense. Lastly, the majority cites certain federal circuit-court decisions upholding dismissals with prejudice when service was not perfected within the time frame set forth in Fed.R.Civ.P. 4(m) and the statute of limitations had run on the claims. Although at first glance these arguments may seem persuasive, they disintegrate under even the mildest scrutiny.

{¶ 50} In discussing *Yova*, the majority leaves out the fact that the issue in that case had nothing to do with whether the trial court could rule on a defendant's statute-of-limitations defense after determining that service had failed and that it lacked personal jurisdiction over the defendant. Rather, the main issue in *Yova* was whether the defendant's request for additional time to respond to the complaint

---

2. Although Civ.R. 3(A) states that an action "is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant," serving the defendant should not be viewed as a strict requirement to commencement of an action. If that were the case, a trial court should hold that an action was never commenced when a defendant waives service under Civ.R. 4(D). The same should also be true for any action in which the defendant is not served but still makes an appearance and does not raise a failure-of-service defense. Ultimately, Civ.R. 3(A)'s service rule requires that the court obtain personal jurisdiction over any defendant within one year of the complaint being filed, otherwise the action may be dismissed for insufficiency of service or for failure to commence.

counted as a waiver of an insufficiency-of-service defense. We answered that question in the negative and affirmed the decision of the appellate court on that ground only. *Yova* was not concerned with whether a trial court may grant a defendant's statute-of-limitations defense while the defendant is simultaneously asserting that the trial court does not have jurisdiction over him. That issue is squarely before us now in this case. The majority's argument regarding this issue boils down to nothing more than the following: because we never said anything about it before in a case we decided over 35 years ago, it must be okay. I, however, am not persuaded by that faulty reasoning.

{¶ 51} Nor am I persuaded by the federal cases that the majority cites or its reference to statements in *Moore's Federal Practice* (3d Ed.1997) synthesizing those cases. Under the Federal Rules of Civil Procedure, a civil action is commenced at the moment a plaintiff files a complaint. *See* Fed.R.Civ.P. 3. Fed.R.Civ.P. 4(m) states that if the plaintiff fails to serve the defendant within 90 days after the complaint is filed, then the court must dismiss the action *without prejudice* or order that service be made within a specified time. The rule also states that for good cause shown, the court must extend the time for service for an appropriate amount of time. *Id.* A federal court often considers the relative hardships a party is facing when exercising its discretion to extend the time or to dismiss the action. *See Coleman v. Milwaukee Bd. of School Dirs.*, 290 F.3d 932, 933-934 (7th Cir.2002). Importantly, there is no savings statute similar to R.C. 2305.19 that applies to save a federal action that has been filed after the statute of limitations has run. *See Logan v. Music*, C.D.Cal. No. CV 16-6364-SJO(E), 2017 WL 1369001 (Feb. 17, 2017), *aff'd*, C.D.Cal. No. CV 16-6364-SJO(E), 2017 WL 1393029 (Feb. 17, 2017).

{¶ 52} In *Cardenas v. Chicago*, 646 F.3d 1001 (7th Cir.2011), and *Zapata v. New York City*, 502 F.3d 192 (2d Cir.2007), the issue before each circuit court was whether a district court had abused its discretion when it dismissed the action

with prejudice for failure to serve a defendant within Fed.R.Civ.P. 4(m)'s specified timeframe. In each case, the respective circuit court held that the district court had not abused its discretion in declining to extend the time for service and dismissing the action, because there was no good cause for an extension. In each case, the circuit court upheld the decision to dismiss the action with prejudice when the statute of limitations had expired during the pendency of the suit. But in affirming the district courts' dismissals, the circuit courts made clear that pursuant to Fed.R.Civ.P. 4(m), a dismissal for failure of service is supposed to be without prejudice.

{¶ 53} In *Zapata*, the Second Circuit noted that the plaintiff had not challenged the district court's decision to dismiss the action with prejudice. *Id.* at 197, fn. 6. The Second Circuit further stated:

> Where, as here, good cause is lacking [for an extension], but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice, we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties.

(Footnote omitted.) *Id.* at 197.

{¶ 54} Similarly, in upholding the district court's decision in *Cardenas*, the Seventh Circuit stated:

> A dismissal pursuant to a Rule 12(b)(5) motion ordinarily should be entered without prejudice. *See* Fed.R.Civ.P. 4(m); [*United States v.*] *Ligas*, 549 F.3d [497,] 501 [7th Cir.2008]. The district court,

however, dismissed the claims against [the defendant] with prejudice based on the fact that the applicable statute of limitations had expired while the case was pending. *Cardenas*, 2010 U.S. Dist. LEXIS 15253, 2010 WL 610621, at *5. The Plaintiffs argued for the first time at oral argument that its order was inconsistent with Rule 4(m)'s clear "without prejudice" requirement.

Both the district court and the Plaintiffs correctly recognize that any refiled suit would be time-barred. That bar effects a result similar to a dismissal with prejudice: "[I]f the statute of limitations has meanwhile expired it will be the limitations defense that greets [any] new action, which will make the case just as dead as a disposition on the merits * * *." David Siegel, *Practice Commentary on Fed.R.Civ.P. 4*, C4-38, reprinted at 28 U.S.C.A. Fed.R.Civ.P. 4 at 211 (West 2008).

(Fifth and sixth brackets and ellipsis sic.) *Id.* at 1007-1008.

{¶ 55} When citing to *Cardenas*, 646 F.3d 1001, and *Zapata*, 502 F.3d 192, the majority fails to discuss that before those circuit courts allowed the district courts' decisions to stand, the circuit courts made sure that the procedural irregularity would have no actual effect on the plaintiffs' right to proceed with refiling. Indeed, in *Cardenas*, the Seventh Circuit noted that when deciding whether to extend the time for service, federal courts should consider whether the plaintiff would be time-barred by the statute of limitations if the court were to dismiss the action and plaintiffs were to refile. *Id.* at 1007. But in each case, the circuit courts found that the district courts had considered the plaintiffs' inability to refile the action because the statute of limitations had expired and that the district courts had not abused their discretion in finding a lack of good cause shown for an extension of the service deadline. Accordingly, the circuit courts upheld the

24

dismissals with prejudice. Since no federal rule or statute would have saved the actions from a statute-of-limitations defense, dismissal with prejudice accomplished the inescapable outcome.

{¶ 56} The rationale that the courts used in *Cardenas* and *Zapata* does not apply here, however, because Ohio has a savings statute. By allowing the trial court to entertain Dr. Humphreys's merits defense after determining that it did not have jurisdiction over Dr. Humphreys, the majority forecloses Moore from refiling his claim and taking shelter from a statute-of-limitations defense under the savings statute—which applies to actions that are attempted to be commenced and dismissed without prejudice. Accordingly, a plaintiff's right to due process is at stake in situations like this one in which a trial court lacking jurisdiction over a defendant improperly entertains that defendant's merits defense.

{¶ 57} Another procedural problem in this matter is the fact that Dr. Humphreys is asking this court to uphold a merits judgment in his favor in an action that he maintains was never even commenced against him. How the majority squares this irregularity is unclear, because it chooses to say nothing about it. But what should be clear to the majority is that by asking for summary judgment in his favor, Dr. Humphreys takes a position that is wholly inconsistent with his claim that the action fails for lack of commencement; if no action was ever commenced, then there is no commenced action under which the court may enter a merits judgment. If Dr. Humphreys wanted to maintain a lack-of-commencement defense, he should have raised it in a responsive pleading and then asked the court to strike the complaint from the record once a year had passed and he had still not been served. By asking to strike the complaint, Dr. Humphreys would have been asking the court to take an action consistent with his theory that the complaint filed against him is a nullity. If the majority is going to uphold the dismissal with prejudice in this case, then it might want to take some time to explain why Dr. Humphreys's actions do not amount to a waiver of the lack-of-commencement defense.

**Other Problems with the Majority Opinion**

{¶ 58} Even if this court were to look beyond the procedural problems addressed above, the majority's explanation for why Moore's action must be deemed dismissed on the merits is still unsound. The majority takes the position that to "avoid the running of the statute of limitations, [Moore] had to commence under Civ.R. 3(A) by obtaining service by July 6, 2016, or voluntarily dismiss his action within this time period to obtain the benefit of the savings statute." Majority opinion at ¶ 32. Noticeably, the majority offers no support for the latter half of this sentence, whether that be a citation to a civil rule, statute, or even some parsing of potentially applicable cases.

{¶ 59} Although Civ.R. 3(A) provides the requirements for the commencement of an action, it does not say what the consequences are when a plaintiff fails to meet those requirements. The action may be dismissed, but whether that dismissal should be with or without prejudice is unclear. Our ruling in *Goolsby*, 61 Ohio St.3d 549, 575 N.E.2d 801, indicates that as long as a case may be refiled within the statute-of-limitations period, a dismissal before that period expires is a dismissal without prejudice, even if the plaintiff fails to perfect service on the defendant within one year of filing. And our ruling in *Thomas*, 79 Ohio St.3d 221, 680 N.E.2d 997, provides that even when a statute-of-limitations period has run and a case has been dismissed, the savings statute may still apply to save the action when the dismissal was without prejudice and occurred within the one-year Civ.R. 3(A) service timeframe. In this case, the majority opinion takes the position that an action must be dismissed *with prejudice* if it is dismissed on insufficiency-of-service grounds following the Civ.R. 3(A) one-year service period, and the statute-of-limitations period has expired. But neither the Civil Rules nor the Revised Code requires this outcome.

{¶ 60} Although Civ.R. 3(A) establishes when an action is commenced, it is not a timing provision. Instead, it is a housekeeping measure. *See* 1970 Staff

26

Note, Civ.R. 3 ("service within [the] one year requirement is retained from §2305.17, R.C., as amended in 1965, and *is based on the philosophy that dockets should be cleared if, within the reasonable time of one year, service has not been obtained*" [emphasis added]). Furthermore, Ohio's savings statute, R.C. 2305.19, applies to actions "attempted to be commenced," R.C. 2305.19(A). Presently, nothing says that an action meets the definition of an "action that is * * * attempted to be commenced," *id*., only if that action is dismissed within the confines of Civ.R. 3(A)'s one-year service period. In situations like this, in which there is no authority or reason that warrants a dismissal with prejudice, the court should err in favor of preserving the claim for a resolution on its merits. *See Thomas* at 226 ("Dismissal with prejudice is a very severe and permanent sanction, to be applied with great caution"); *see also* Civ.R. 1(B) (Ohio's Rules of Civil Procedure "shall be construed and applied to effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice").

**Moore Still Has a Viable Cause of Action Against Dr. Humphreys**

{¶ 61} For the reasons discussed above, I would treat the trial court's dismissal of the complaint against Dr. Humphreys as a dismissal without prejudice on insufficiency-of-service grounds and hold that Moore may still take advantage of the savings statute by commencing a new action against Dr. Humphreys within one year of this court's decision.

{¶ 62} Although Moore's legal action against Dr. Humphreys was never "commenced" within the meaning of Civ.R. 3(A)—because service was unsuccessful within the one-year timeframe following the filing of the complaint— I find that Moore nevertheless attempted to commence the action against Dr. Humphreys by filing the complaint on July 6, 2015, and attempting service within one year. *See Thomas*, 79 Ohio St.3d at 225, 680 N.E.2d 997; *see also Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391, 396, 653 N.E.2d 235 (1995).

{¶ 63} The action remained pending on the trial court's docket as an action attempted to be commenced against Dr. Humphreys until Dr. Humphreys sought and was granted dismissal for insufficiency of service. Because a dismissal for insufficiency of service should not be treated as a dismissal with prejudice, even if the statute-of-limitations period for commencing an action has expired at the time of dismissal, I would find that Moore meets the first two prerequisites of the savings statute. Thus, if Moore were to refile his lawsuit against Dr. Humphreys and successfully commence the lawsuit by obtaining service within the year, then the savings statute should apply to preserve his claim.

{¶ 64} What this means for the case going forward is that the complaint against Dr. Humphreys is dismissed without prejudice, and the trial court's granting of summary judgment in favor of Central Ohio Anesthesia and Mount Carmel is reversed, because the basis on which those defendants sought relief—the statute-of-limitations bar—is not yet ripe for review. The action remains pending against Central Ohio Anesthesia and Mount Carmel because those parties were properly served. If Moore wishes to take advantage of the savings statute by refiling his claim against Dr. Humphreys and perfecting service, and if Moore wants to keep all three parties as defendants in the same lawsuit, then he could voluntarily dismiss his claims against Central Ohio Anesthesia and Mount Carmel on remand under Civ.R. 41(A)(1)(a). He could then refile and assert his claims against all parties.

**Practical Effects**

{¶ 65} The majority accuses this dissent and a unanimous panel of the Tenth District of engaging in an "imaginative fiction," majority opinion at ¶ 32, by construing the trial court's dismissal of the complaint against Dr. Humphreys as a dismissal without prejudice. However, the majority might want to take a look at the practical effects of its own holding.

{¶ 66} Moore filed his complaint against Dr. Humphreys, Central Ohio Anesthesia, and Mount Carmel on July 6, 2015. Dr. Humphreys became aware of

Moore's pending lawsuit on July 14, 2015, when an electronic copy of the summons and complaint addressed to Central Ohio Anesthesia was e-mailed to Dr. Humphreys from his liability insurer. The common-pleas case docket indicates that service on Dr. Humphreys was complete on July 16, 2015, something Dr. Humphreys would first contest in his motion for summary judgment, which was filed on February 27, 2017. Through their attorneys, Dr. Humphreys and Central Ohio Anesthesia answered the complaint on July 30, 2015, and participated in the litigation for over a year and a half. Dr. Humphreys did not seek dismissal for insufficiency of service under Civ.R. 4(E) after six months.[3] And the trial court also took no action to dismiss the complaint under Civ.R. 4(E) or 3(A)—perhaps because it was relying on Dr. Humphreys to assert that argument if it applied or on its own docket as evidence of commencement. When Dr. Humphreys finally did ask the court to dismiss the action, he took the unorthodox step of asking the court to rule on his insufficiency-of-service defense and his statute-of-limitations defense together.

{¶ 67} What Dr. Humphreys and the other appellants want from this court, and what the majority opinion gives them, is a clear declaration that a defendant may maintain an insufficiency-of-service defense simultaneously with a statute-of-limitations defense in order to secure the dismissal of an action with prejudice on insufficiency-of-service grounds, when that dismissal would otherwise normally be without prejudice. This decision prevents a plaintiff from taking shelter under the

---

3. Civ.R. 4(E) states:

> If a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice *upon the court's own initiative with notice to such party or upon motion.*

(Emphasis added.)

savings statute if the plaintiff were to refile and attempt service within one year of the dismissal. In order to craft this outcome, the majority must necessarily overlook the fact that a court lacking jurisdiction over the defendant is nevertheless adjudicating a merits defense. Indeed, it must overlook the fact that the defendant is asking for an adjudication on the merits of an action that was never commenced. And it must also overlook the logical inconsistency that arises from this court's determination that a dismissal within the Civ.R. 3(A) service timeframe is a dismissal without prejudice but that a dismissal outside the Civ.R. 3(A) timeframe is a dismissal with prejudice, when under both scenarios the dismissal may have occurred after the statute of limitations expired.

{¶ 68} Furthermore, the end result that the majority comes to—that dismissal for insufficiency of service is a dismissal with prejudice when Civ.R. 3(A)'s timeline has passed—contravenes both the Rules of Civil Procedure and the savings statute. The Rules of Civil Procedure are to be applied to "effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Civ.R. 1(B). And R.C. 2305.19, "being a remedial statute, should be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure." *Cero Realty Corp. v. Am. Mfrs. Mut. Ins. Co.*, 171 Ohio St. 82, 85, 167 N.E.2d 774 (1960); *accord Motorists Mut. Ins. Co.*, 73 Ohio St.3d at 396, 653 N.E.2d 235 ("Savings statutes have been created to afford plaintiffs an opportunity to bring a new action after the running of the limitations period when an effort to bring the original action in a timely manner fails otherwise than on its merits"). Here, the majority is allowing a defendant, who has had notice of and participated in an action from the beginning, to wait a year and a half before seeking a dismissal of the action in order to secure a dismissal with prejudice for failure of service under Civ.R. 3(A)'s one-year service timeframe—a docket-clearing provision—in order to prevent the plaintiff from taking shelter under the savings statute, which is a

remedial provision intended to preserve actions "attempted to be commenced." If it is true that this dissent and the Tenth District's position amounts to an "imaginative fiction," majority opinion at ¶ 32, then the majority's position in comparison is a fever dream that turns Ohio's procedural rules and the savings statute on their heads.

### Conclusion

{¶ 69} For these reasons, I dissent from the majority opinion's conclusion that the savings statute does not apply to Moore's claim. I would affirm the Tenth District's judgment on the alternative grounds stated in its opinion. 2018-Ohio-2831, 117 N.E.3d 89, at ¶ 94.

DONNELLY, J., concurs in the foregoing opinion.

_____

Colley Shroyer & Abraham Co., L.P.A., and David I. Shroyer, for appellee.

Arnold Todaro & Welch Co., L.P.A., and Grier D. Schaffer, for appellant Mount Carmel Health d.b.a. Mount Carmel St. Ann's Hospital.

Carpenter Lipps & Leland, L.L.P., Theodore M. Munsell, Joel E. Sechler, Emily M. Vincent, and Michael H. Carpenter, for appellants Eric Humphreys, M.D., and Central Ohio Anesthesia, Inc.

_____