[Cite as *Unifund v. Piaser*, 2018-Ohio-3016.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

ASHTABULA COUNTY, OHIO


UNIFUND CCR PARTNERS, et al.,    :     **O P I N I O N**

       Plaintiffs-Appellees,    :

   - vs -                 :     CASE NO. 2016-A-0076

LISA R. PIASER,              :

       Defendant-Appellant.    :


Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2010 CV 80.

Judgment: Affirmed.


*Alan H. Abes* and *Elizabeth M. Shaffer,* Dinsmore & Shohl, LLP, 255 East Fifth Street, Suite 1900, Cincinnati, OH 45202 (For Plaintiffs-Appellees).

*Robert S. Belovich,* 9100 South Hills Boulevard, Suite 320, Broadview Heights, OH 44147; and *Anand N. Misra,* The Misra Law Firm, L.L.C., 3659 Green Road, #100, Beachwood, OH 44122 (For Defendant-Appellant).


CYNTHIA WESTCOTT RICE, J.

{¶1}    Appellant, Lisa R. Piaser, appeals the judgment of the Ashtabula County Court of Common Pleas in favor of appellee, Unifund CCR Partners, et al. ("Unifund"), denying in part her motion for class certification on her counterclaim for violations of the federal Fair Debt Collection Practices Act ("FDCPA"). At issue is whether the trial court abused its discretion in denying class-action certification to the "Time-Bar

Class" identified in Ms. Piaser's motion. For the reasons that follow, we affirm.

{¶2} On October 15, 2009, Unifund filed a complaint against Ms. Piaser in the Ashtabula County Municipal Court to collect an alleged credit card debt. The account was opened in April 2000, and the last payment she made was on July 5, 2000, leaving a balance of $267. Unifund alleged that Providian National Bank was the original creditor and that Unifund purchased the account from Providian.

{¶3} In her first amended answer and counterclaim, Ms. Piaser denied the material allegations of the complaint. She also asserted individual and class counterclaims, alleging Unifund violated the FDCPA, and the Ohio Consumer Sales Practices Act ("CSPA") and committed various common law torts. Ms. Piaser alleged Unifund is a debt collector under the FDCPA, and is in the business of acquiring and collecting defaulted consumer credit card debt. She alleged that Unifund violated the FDCPA by filing actions against her and others that were barred by the statute of limitations and without obtaining an assignment of their accounts. Ms. Piaser prayed for damages and injunctive relief. Upon assertion of her counterclaims, the municipal court transferred the case to the common pleas court.

{¶4} Ms. Piaser admitted in deposition that she opened a credit card account with Providian in April 2000 during a telephone solicitation and that after the card was sent to her, she received monthly statements at the address she provided to Providian. She admitted she incurred

2

several charges on the account. She made payments between April and July 2000, when she sent her last payment.

{¶5} Jeffrey Shaffer, Unifund's Vice-President of Operations, stated via affidavit that in 2004, Unifund purchased Ms. Piaser's account from Providian. At that time Providian sent Unifund electronic information regarding the account, including Ms. Piaser's name, address, phone number, social security number, account number, balance ($267), interest rate (11.99%), and the date (July 5, 2000) and amount ($105) of her last payment. Ms. Piaser admitted the accuracy of this information in her deposition. Providian also provided Unifund with a copy of an Account Agreement containing the written terms and conditions applicable to Ms. Piaser's account. He said that, based on the April 6, 2000 date on which Ms. Piaser opened her account and further based on the time period during which the account agreement applied, the account agreement Providian provided applied to her account. He said that Unifund attached to the complaint a true and accurate copy of the account agreement.

{¶6} On September 1, 2010, Unifund filed a motion for summary judgment on Ms. Piaser's counterclaims. On June 28, 2013, the trial court entered summary judgment in Unifund's favor on Ms. Piaser's common law claims, leaving only her counterclaims for violations of the FDCPA and the CSPA. Further, in its summary judgment entry, the court made findings regarding the Time-Bar Class. Ms. Piaser alleged in her counterclaim that Unifund knowingly filed a time-barred collection suit against her. Unifund argued on summary judgment that its claim was not

3

time-barred because it was filed within the 15-year statute of limitations governing written contracts. In contrast, Ms. Piaser argued the claim was time-barred by the six-year limitations period governing oral contracts or the three-year limitations period under New Hampshire law. The court found the account agreement was subject to the 15-year statute of limitations.

{¶7} On January 16, 2014, Ms. Piaser filed a motion to compel discovery, in which she sought additional information regarding, inter alia, the Time-Bar Class. On September 4, 2014, the court held that further discovery on this issue was not appropriate because the court had already decided that the complaint was properly filed within the 15-year statute of limitations.

{¶8} On December 14, 2014, Ms. Piaser filed a motion seeking to certify her counterclaims as a class action and Unifund filed a brief in opposition. Despite the court's earlier ruling that Unifund filed its claim against Ms. Piaser within the statute of limitations, Ms. Piaser sought to certify the Time-Bar Class, alleging that Unifund sued her and other class members outside the statute of limitations. She also asked the court to certify another class, which she called the "Incompetence Class," alleging that Unifund sued her and others without a valid statutory assignment of the debt.

{¶9} On December 6, 2016, the trial court entered judgment on Ms. Piaser's motion to certify. The court: (1) denied Ms. Piaser's motion to reconsider the court's June 28, 2013 judgment finding that Unifund

4

timely filed its suit within the 15-year limitations period; (2) denied her motion to certify the Time-Bar Class; and (3) granted her motion to certify the Incompetence Class, but only as to her claim under the FDCPA, not as to her claim under the CSPA. Thus, the class action would proceed only as to the Incompetence Class on Ms. Piaser's claim for a violation of the FDCPA.

{¶10} Ms. Piaser appeals: (1) the trial court's 2013 judgment finding the 15-year statute of limitations applied; (2) the 2014 judgment denying her motion to compel discovery regarding the Time-Bar Class; and (3) that part of the 2016 judgment denying her motion for reconsideration of the court's 2013 judgment applying the 15-year statute. She asserts two assignments of error. For her first, she alleges:

{¶11} "The trial court erred to the prejudice of defendant-appellant in finding that the Time-Bar Class failed the class certification requirement that the named representative must be a member of the class."

{¶12} As a preliminary matter, the only judgment that is immediately appealable is the trial court's 2016 judgment on Ms. Piaser's motion for class certification. Ms. Piaser appeals the court's judgment denying certification to the Time-Bar Class. Unifund also appealed the court's judgment certifying the Incompetence Class, and that appeal will be addressed in a separate opinion.

{¶13} In Ms. Piaser's notice of appeal, she stated she was appealing the 2013 and the 2014 judgments "to the extent they relate to class certification." She also indicated in her docketing statement that

5

the three appealed judgments were subject to immediate appeal under R.C. 2505.02(B)(5) as orders determining that an action may or may not be maintained as a class action.

{¶14} An order is final when it satisfies one of seven categories set forth in R.C. 2505.02(B), including R.C. 2505.02(B)(5), which provides: "An order is a final order * * * when it is [a]n order that determines that an action may or may not be maintained as a class action." Courts construe R.C. 2505.02 strictly to allow immediate review of only "the initial determination regarding whether an action may be maintained as a class action." *Strickler v. First OhioBanc & Lending, Inc.*, 9th Dist. Lorain No. 15CA010893, 2016-Ohio-5876, ¶13. Thus, courts routinely dismiss appeals that use R.C. 2505.02(B)(5) as a means to review orders that did not *initially* determine whether claims could be maintained as a class action. *Gabbard v. Ohio Bureau of Workers' Comp.*, 10th Dist. Franklin Nos. 02AP-976 and 02AP-1168, 2003-Ohio-2265, ¶33 ("R.C. 2505.02(B)(5) allows appeals from the initial decision to certify or not to certify a class, but does not provide for an appeal of [a] trial court's decision to modify or not to modify the class membership.").

{¶15} The 2013 judgment entered summary judgment against Ms. Piaser as to some of her claims and made a finding regarding the statute of limitations applicable to Unifund's claim. The 2014 judgment simply denied Ms. Piaser's motion to compel discovery. Neither of these judgments determined whether Ms. Piaser's action may be maintained as a class action. Further, neither of these judgments complies with any of

6

the other categories of final orders in R.C. 2505.02(B). In addition, even if these judgments were final, this court would not have had jurisdiction to address them because they were not appealed within 30 days of their entry and thus were not timely filed per App.R. 4(A)(1). In fact, the appeal of both prior judgments was filed more than two years late. Moreover, the 2013 judgment denying some, but not all, of Ms. Piaser's claims was not final because it did not include the "no just reason for delay" language in Civ.R. 54(B). Under that rule, the court may enter final judgment as to one or more, but less than all, claims upon a finding of no just reason for delay. Because the 2013 entry did not include the Civ.R. 54(B) language, that judgment was not a final order. Further, Civ.R. 54(B) did not apply to the 2014 discovery order because it did not adjudicate any claims. For these reasons, the 2013 and the 2014 judgments are not final, appealable orders and this court does not have jurisdiction to address them.

{¶16} The Supreme Court of Ohio has held that "[a] trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion." *Marks v. C.P. Chem. Co., Inc.*, 31 Ohio St.3d 200 (1987), syllabus. Thus, appellate courts generally give trial courts broad discretion in deciding whether to certify a class. *Hamilton v. Ohio Savings Bank*, 82 Ohio St.3d 67, 70 (1998). The Ohio Supreme Court has stated that "the appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded * * * in the trial court's special

7

expertise and familiarity with case-management problems and its inherent power to manage its own docket." *Id.*, citing *Marks, supra*, at 201.

{¶17} However, "the trial court's discretion in deciding whether to certify a class action * * * must be exercised within the framework of Civ.R. 23. The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied." *Hamilton, supra.* Where the trial court's written decision granting class certification provides an articulated rationale sufficient to support an appellate inquiry into whether the relevant factors were properly applied, the trial court does not abuse its discretion in conducting its rigorous analysis. *Baughman v. State Farm Mut. Auto. Ins. Co.*, 88 Ohio St.3d 480, 483 (2000). However, when a court's judgment that would ordinarily be reviewed for an abuse of discretion is based on an erroneous interpretation of the law, we apply the de novo standard of review. *Medical Mutual of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, ¶13.

{¶18} "The following seven requirements must be satisfied before an action may be maintained as a class action under Civ.R. 23: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) *the named representatives must be members of the class*; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties

8

must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met." (Emphasis added.) *Jacobs v. FirstMerit Corp.*, 11th Dist. Lake No. 2013-L-012, 2013-Ohio-4308, ¶24.

{¶19} Ms. Piaser alleged in her counterclaim that Unifund is a "debt collector" whose litigation activity is subject to the FDCPA. She alleged that Unifund violated Section 1692e of the FDCPA by filing actions to collect time-barred debts against her and other class members. Section 1692e provides that a debt collector "may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." A debt collector violates this section by, among other things, falsely representing "the character, amount, or legal status of any debt." *See* Sec. 1692e(2)(A). As courts in other jurisdictions have pointed out, "'[c]ommon sense dictates that whether a debt is time-barred is directly related to the legal status of that debt.'" *Gervais v. Riddle & Assocs., P.C.*, 479 F.Supp.2d 270, 277 (D.Conn.2007), quoting *Shorty v. Capital One Bank*, 90 F.Supp.2d 1330, 1331 (D.N.M.2000).

{¶20} Ms. Piaser was only entitled to have the trial court certify the Time-Bar Class if she was able to satisfy each of the seven class-action requirements as to that class, including the requirement that "the named representatives must be members of the class." *Jacobs, supra.* Ms. Piaser defined the Time-Bar Class to include those individuals who Unifund sued "beyond the shorter of: (1) the period of limitation determined under the laws of Ohio, and (b) the period of limitation

9

determined under the laws of the state where the headquarters of the alleged credit card issuing bank is located [New Hampshire]."

{¶21} The parties agree that resolution of Ms. Piaser's motion to certify the Time-Bar Class turns on which state's statute of limitations applies to the court action. If, as Ms. Piaser argues, Ohio's six-year statute of limitations or New Hampshire's three-year statute of limitations applies, she is potentially a member of the class. However, if, as Unifund argues, Ohio's 15-year limitations period for written contracts applies, the collection lawsuit was timely filed and Ms. Piaser is not a member of the class.

{¶22} Since Unifund filed its claim against Ms. Piaser nine years after it accrued, it was timely filed. Thus, the court in its 2016 judgment on Ms. Piaser's motion to certify found that Ms. Piaser was not a member of the Time-Bar Class because, under her proposed class definition, class members had to be sued *after* the expiration of the applicable statute of limitations. As a result, the court denied certification of this class.

{¶23} Unifund argues that we lack jurisdiction to determine whether the 15-year statute of limitation applies because the court made this conclusion in its 2013 summary judgment entry, which was not a final order. However, Unifund is incorrect because the trial court reiterated its finding regarding the 15-year statute in the court's 2016 judgment denying class certification to the Time-Bar Class.

{¶24} Ms. Piaser argues that the account agreement issued with the credit card is not a written contract, but rather is an oral contract.

10

Thus, she argues that Unifund's claim would be barred under either Ohio's six-year statute for oral contracts or under New Hampshire's three-year statute per the choice-of-law provision in the account agreement. As a result, we must determine whether the contract is written or oral.

{¶25} When there is no evidence that the card holder *signed* the credit card application, which is the case here, the case law is not clear as to whether such contract qualifies as a written contract for statute-of-limitations purposes.

{¶26} In *Am. Express v. Silverman*, 10th Dist. Franklin No. 06AP-338, 2006-Ohio-6374, ¶9, the court held that a consumer's use of a credit card subjects him to a binding contract, which is governed by the terms of the agreement. In *Calvary SPV I, LLC v. Furtado*, 10th Dist. Franklin No. 05AP-361, 2005-Ohio-6884, the court held that, although the credit card agreement lacked the defendant's signature, the bank's issuance of the card and the defendant's use of the card created a binding contract. *Id.* at ¶18. These cases did not, however, determine whether the contract was written or oral.

{¶27} In *Midland Funding, LLC v. Paras*, 8th Dist. Cuyahoga No. 93442, 2010-Ohio-264, the Eighth District held that Ohio's 15-year statute of limitations for written contracts applied to the debt collector's action on a credit card account that the debt collector had acquired through assignment. *Id.* at ¶12. However, it is unclear whether the card holder in *Midland* signed a credit card application. Unlike *Midland*, the Second District specifically addressed the issue whether a written contract exists

11

when the debt collector fails to present evidence that the card holder signed the credit card application. The Second District held that where the debt collector failed to submit evidence of the card holder's signature on a credit card application, an issue of fact "'exists whether the contract was reduced to writing, so that it is not clear, as a matter of law, that the fifteen-year statute of limitations applies.'" *Unifund CCR Partners v. Childs*, 2d Dist. Montgomery No. 23161, 2010-Ohio-746, ¶16, quoting *Unifund CCR Partners v. Hemm*, 2d Dist. Miami No. 08-CA-36, 2009-Ohio-3522, ¶24.

{¶28} In finding the account agreement attached to the complaint is a written contract, the trial court stated in its 2013 summary judgment entry:

{¶29} The written Account Agreement, which [Unifund] claims [Ms. Piaser] agreed to in this case, details extensively the rights and obligations of both parties. It does not require additional supplementation to establish the existence of a contract. The agreement provides, "This agreement is a final expression of the agreement between you and us and *may not be contradicted by evidence of any alleged oral agreement*." It cannot be reasonably argued that the written Account Agreement is not the contract between the parties, or that it is merely a written memorandum of an oral contract. So how does one become bound by the terms and conditions of the written Account Agreement? The last sentence of the first paragraph of the Account Agreement provides, "Any use of this Account shall constitute acceptance of the terms of this Agreement." This is completely consistent with the case law of Ohio.

{¶30} [Unifund] asserts that the Account Agreement attached to the complaint is the standard credit card agreement of Providian National Bank that was in effect at the time [Ms. Piaser] was using the credit card. [Ms. Piaser] says that she received the credit card as a result of a telephone solicitation from the bank. Whatever transpired in the telephone conversation, the Bank did agree to offer a credit card account and she agreed to accept it, as

12

evidenced by her use of the credit card. * * * In the case of credit cards, a binding contract does not arise from signing anything, but rather is established by the act of using the credit card. It cannot be plausibly argued that the conscious decision to use the credit card is not a conscious agreement to accept the terms and conditions of the written Account Agreement. Only a lawyer could argue that the written Account Agreement is not a written contract.

{¶31} The written document expresses all of the terms and conditions, rights and liabilities of the parties. It is a complete and exclusive statement of the terms of the agreement between the parties. The only terms enforceable between these parties are what are set out in the written agreement. The law does not require that the signatures of both parties are essential for a written contract. * * * Persons can unequivocally express their intention to enter into and be bound by a written contract in ways other than physically signing a document.

{¶32} [*Ms. Piaser*] *may still argue that [Unifund] cannot prove that the agreement attached to the complaint is the agreement she entered into*, but by accepting and using the credit card, [Ms. Piaser] signified her agreement to the written terms and conditions of Providian National Bank's credit card agreement which was in place at that point in time. *Whether [Unifund] can prove the particular Account Agreement applicable to [her] remains an issue of fact.*

{¶33} The Court holds that this credit card agreement is subject to the fifteen year statute of limitations governing written contracts. (Emphasis added.)

{¶34} As noted, the trial court subsequently reaffirmed these findings in its 2016 judgment on Ms. Piaser's motion to certify, and relied on them in finding that Ms. Piaser is not a member of the Time-Bar Class and in denying certification of that class.

{¶35} Thus, the trial court concluded, without qualification, that Ms. Piaser's claim is based on a written contract. Apparently because there were multiple versions of the Providian account agreement, the trial court noted: "Whether [Unifund] can prove the particular account agreement

applicable to [her] remains an issue of fact." However, the issue is not one of material fact because, regardless of which account agreement applies, the agreement is a written contract subject to the 15-year statute of limitations. We therefore hold the trial court did not err in finding that Ms. Piaser is not a member of the Time-Bar Class and in denying class-certification to that class.

{¶36} For her second assigned error, Ms. Piaser alleges:

{¶37} "The trial court abused its discretion in overruling defendant-appellant's motion to compel discovery of information relevant to the court's inquiry of defendant-appellant's motion for class certification."

{¶38} This assigned error refers to the court's 2013 judgment denying Ms. Piaser's motion for additional discovery regarding the Time-Bar Class. However, because this judgment is not a final order, this assignment of error lacks merit. In any event, Ms. Piaser concedes that Unifund produced enough discovery materials to support her motion to certify the Time-Bar Class. Moreover, she does not specify what additional information she needed or how not having it would prejudice her.

{¶39} Unifund asserts three cross-assignments of error. They contend:

{¶40} "[1.] The trial court did not abuse its discretion in denying Ms. Piaser's motion to certify a time-bar class because Ms. Piaser's claims are not common to or typical of the purported class claim.

14

{¶41} "[2.] The trial court did not abuse its discretion in denying Ms. Piaser's motion to certify a time-bar class because Ms. Piaser did not satisfy Civ.R. 23(B)(2).

{¶42} "[3.] The trial court did not abuse its discretion in denying Ms. Piaser's motion to certify a time-bar class because Ms. Piaser did not satisfy Civ.R 23(B)(3)."

{¶43} In light of our disposition of Ms. Piaser's first assignment of error, Unifund's cross assignments of error are moot.

{¶44} For the reasons stated in this opinion, the assignments of error and cross-assignments of error are overruled. It is the order and judgment of this court that the judgment of the Ashtabula County Court of Common Pleas is affirmed.

TIMOTHY P. CANNON, J., concurs,

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶45} I respectfully dissent.

{¶46} "[A] judgment may be interpreted if it is ambiguous." *Collette v. Collette*, 9th Dist. Summit No. 20423, 2001 WL 986209, *2 (Aug. 22, 2001). If a judgment is ambiguous, the trial court, in enforcing the judgment "has the power to hear the matters, clarify the confusion, and resolve the dispute." *Id.*

15

{¶47} While the trial court's finding that the account agreement is a written contract seems definitive, the court's additional finding that a fact question exists as to whether the account agreement attached to the complaint applies to Ms. Piaser casts doubt on whether such is the case. Since the court's judgment is subject to two different meanings, it is ambiguous.

{¶48} In light of the trial court's ambiguous findings regarding the account agreement, the court erred in finding that the account agreement qualified as a written contract; in finding that Ms. Piaser was not a member of the class; and in denying certification of the Time-Bar Class.

{¶49} Because this matter should be reversed and remanded, I respectfully dissent.