[Cite as *Shehee v. Kings Furniture*, 2024-Ohio-2379.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| KEVIN L. SHEHEE | : | |
| | : | |
| Appellant | : | C.A. No. 29902 |
| | : | |
| v. | : | Trial Court Case No. 2021 CV 03582 |
| | : | |
| KINGS FURNITURE et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Appellees | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on June 21, 2024

. . . . . . . . . . .

DENNIS A. LIEBERMAN and RICHARD HEMPFLING, Attorneys for Appellant

MICHAEL T. COLUMBUS, Attorney for Appellees

. . . . . . . . . . . .

WELBAUM, J.

{¶ 1} Appellant, Kevin Shehee, appeals from judgments dismissing his complaint against Defendants-Appellees, Kings Furniture, JAM & Mash Investments, Inc. (collectively "Kings") and Synchrony Bank ("Synchrony"). According to Shehee, the trial court erred in concluding that he failed to commence his action by properly serving Kings

and Synchrony within one year after filing the complaint.

{¶ 2} For the reasons discussed below, we conclude that the court abused its discretion in dismissing the complaint. Shehee requested service to be made on Kings and Synchrony within the statute of limitations for several claims, and the court should have considered this as a refiling of the complaint pursuant to *Goolsby v. Anderson Concrete Corp.*, 61 Ohio St.3d 549, 575 N.E.2d 801 (1991), which would have made violation of Civ.R. 3(A) irrelevant. Accordingly, the judgments of the trial court will be reversed, and this cause will be remanded for further proceedings.

## I. Facts and Course of Proceedings

{¶ 3} On August 31, 2021, Shehee filed a pro se complaint against Kings, Synchrony, and CT Corporation (Synchrony's purported owner). The complaint arose from a dispute about furniture Shehee had purchased from Kings and alleged that Kings had violated R.C. 1345.02(B) and an implied warranty of merchantability. In addition, the complaint alleged that both Synchrony and Kings had committed fraud and breach of contract. On the same day, Shehee requested that the clerk serve the defendants by regular mail.

{¶ 4} On September 28, 2021, Shehee, again pro se, filed an amended complaint, adding the Better Business Bureau ("BBB") as a party and adding a civil conspiracy claim against Kings, Synchrony, and BBB. The amended complaint indicated that Shehee had sent it to the defendants by regular mail. Synchrony then, on September 30, 2021, filed a notice of removal of the action to federal district court and attached a copy of the

removal notice, which had been docketed as S.D. Ohio No. 3:21-cv-00274. Ex. B attached to the removal notice also stated that Shehee's complaint had been served by regular mail on Synchrony through its statutory agent, CT Corporation, on September 7, 2021. Although Shehee objected to removal, the trial court advised him that it lacked jurisdiction over the case due to the filing of the notice of removal. Notice to Plaintiff Regarding Lack of Jurisdiction (Oct. 4, 2021).

{¶ 5} On October 15, 2021, the common pleas court clerk issued a failure of service notification, which stated that service had not been perfected on CT Corporation at the listed address because there was no such number. A few days later, the trial court notified Shehee that service by regular mail was not permissible until a return of service marked "refused" was received. The court further said that service must first be made by certified mail or express mail pursuant to Civ.R. 4.6(D). *See* Notice (Service) (Oct. 18, 2021). The court later filed another notice, indicating that the October 18, 2021 notice had been filed in error because Synchrony had filed a notice of removal to federal court, and the common pleas court lacked jurisdiction to proceed. *See* Notice Regarding Notice (Service) filed October 18, 2021 (Oct. 29, 2021).

{¶ 6} For nearly a year, the case proceeded in federal court. On October 25, 2022, Shehee (then represented by counsel) filed a motion in the trial court. The motion asked the court to compel Synchrony to comply with Loc. R. 2.18 of the Court of Common Pleas of Montgomery County, General Division, which required parties to file a complete copy of the federal docket and substantive decisions once the case had been remanded by the federal court. The remand had apparently occurred on September 27, 2022, and

the remand order was attached to the motion. The remand order noted that Shehee had failed to obtain proper service on any defendants, but that Synchrony had received notice of the suit and had removed the case to federal court. Decision and Entry, S.D. Ohio No. 3:21-cv-274 (Sept. 27, 2022), p. 2 (also reported as *Shehee v. Kings Furniture*, S.D.Ohio No. 3:21-CV-274, 2022 WL 4481465 (Sept. 27, 2022).[1]

{¶ 7} The decision further commented that Shehee had dismissed his federal claim, had filed a motion to remand, and had asked for an additional 60 days to effect service of process. *Id.* In addition, the decision noted that Shehee had failed to obtain proper service on any of the defendants within 90 days as required by Fed.R.Civ.P. 4(m) and had not established good cause for the failure. *Id.* at p. 4. The court remarked that under this rule, it could either dismiss the case without prejudice (as the magistrate had recommended) or could order service to be made within a specified time. *Id.* After weighing the factors for deciding whether to grant extensions, the court decided to allow Shehee a 60-day extension to perfect service following remand to the trial court. *Id.* at p. 4-5. This extension began as of the date of the remand order, i.e., September 27, 2022. *Id.* at p. 5. The federal court then declined to exercise supplemental jurisdiction over the state law claims and remanded the matter to state court. *Id.* However, the court did not dismiss Shehee's state law claims; it simply remanded the case to state court and terminated the case on its own docket. *Id.* at p. 7.

{¶ 8} As noted, on October 25, 2022, Synchrony filed the federal docket items in

---

[1] Various documents from the federal case were filed in the trial court, although not on a timely basis. In fact, Synchrony did not file the remand order and documents until October 25, 2022. As shorthand, we will refer to these documents as "Case 274."

question with the trial court, and the court then denied the motion to compel as moot. Decision and Entry Overruling as Moot Plaintiff's Motion to Compel (Oct. 26, 2022). On the same day, the trial court filed a notice informing Shehee that service had not been made on the following defendants: Kings Furniture, Jam & Mash Investment, Inc., CT Corporation, Synchrony, and BBB. Notice (Service) (Oct. 26, 2022). Shehee, through counsel, then filed a second amended complaint on October 27, 2022, naming only Synchrony and Kings Furniture as defendants. The amended complaint contained the following: (1) claims against Kings for deceptive and unfair practices under R.C. 1345.02, breach of an implied warranty of merchantability, fraud, and breach of contract; (2) claims against Synchrony for fraud, breach of contract, and negligence; and (3) a claim against both parties for offering a lowest price guarantee but failing to honor it in violation of R.C. 1345.05 and R.C. 4165.02. The same day, Shehee asked the clerk to issue service to the defendants.

{¶ 9} Service on Synchrony was successful on November 1, 2022, and on Kings on November 28, 2022. Synchrony filed its answer and defenses, including insufficiency of service of process, on November 29, 2022; Kings filed its answer and the same defenses on December 19, 2022. Nothing more occurred until April 12, 2023, when Synchrony filed a motion for a declaratory judgment, a motion to dismiss, and a motion to strike the second amended complaint. Kings filed the same motions on the same day. After receiving an extension of time, Shehee responded to Kings' motions on May 10, 2023, and Kings replied on May 16, 2023. Shehee did not specifically respond to Synchrony's motions, but Synchrony and Kings were represented by the same counsel

and their motions were virtually identical.

{¶ 10} On August 10, 2023, the trial court granted Synchrony's motion to dismiss based on lack of subject matter jurisdiction. The court then, on August 28, 2023, granted Kings' motion to dismiss. Shehee timely appealed from both judgments.

## II. Discussion

{¶ 11} Shehee's sole assignment of error states that:

The Trial Court Erred in Dismissing Appellant's Claims Against Kings Furniture and Synchrony Bank.

{¶ 12} Under this assignment of error, Shehee makes several points. The first is that when the case was removed to federal court, the state court lost jurisdiction and the matter became subject to federal procedural rules. When the federal court had jurisdiction over the case, it granted Shehee a time extension for making service after remand, and Shehee then successfully completed service of the second amended complaint within the allotted time.

{¶ 13} Shehee also contends that the one-year time period for commencing an action was a "period of limitations" that was tolled while the state law claims were pending in federal court. Consequently, since the case was removed one month after being filed in common pleas court, Shehee argues that when the case was remanded, he still had 11 months left within which to perfect service. Finally, Shehee claims that filing the second amended complaint plus a request for service was equivalent to refiling the

complaint under *Goolsby v. Anderson Concrete Corp.*, 61 Ohio St.3d 549, 575 N.E.2d 801 (1991). We will consider these claims, but we begin with a discussion of the trial court's reason for dismissal.

## A. Reason for Dismissal

{¶ 14} The trial court's decision to dismiss the claims against both parties was based on R.C. 2305.17 and Civ.R. 3(A), and the fact that Shehee failed to perfect service within one year after the case was originally filed. Decision and Entry Sustaining Defendant's Motion to Dismiss (Kings Decision) (Aug. 28, 2023), p. 3-4. As to Kings, the court therefore found that it lacked jurisdiction to proceed due to insufficiency of service on Kings. *Id.* at 5-6. Regarding Synchrony, the court's discussion was very brief, but the court concluded for the same reason, i.e., insufficiency of service, that it lacked subject matter jurisdiction. Order Granting Synchrony Bank's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Aug. 10, 2023), p. 1.

{¶ 15} Although Kings and Synchrony both moved to dismiss the case based on lack of subject matter jurisdiction, and the trial court agreed (at least with respect to Synchrony), the focus on subject matter jurisdiction was misplaced. "Subject-matter jurisdiction refers to the constitutional or statutory power of a court to adjudicate a particular class or type of case." *Corder v. Ohio Edison Co.*, 162 Ohio St.3d 639, 2020-Ohio-5220, 166 N.E.3d 1180, ¶ 14, citing *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, ¶ 11-12, and 34. " 'A court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular

case.' " *Id.*, quoting *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19.   "Instead, 'the focus is on whether the forum itself is competent to hear the controversy.' "  *Id.*, quoting *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 23.   Here, the common pleas court clearly had subject matter jurisdiction over the claims asserted, as it is a court of general jurisdiction.   *Id.* at ¶ 26, citing R.C. 2305.01.

{¶ 16} "A court's jurisdiction over a particular case refers to the court's authority to proceed or rule on a case that is within the court's subject-matter jurisdiction. * * * This latter jurisdictional category involves consideration of the rights of the parties."  *Kuchta* at ¶ 19, citing *Pratt* at ¶ 12.    As pertinent here, the issue is whether Shehee's failure to perfect service required dismissal under Civ.R. 12(B)(5), which allows dismissal on grounds of "insufficiency of service of process."   Dismissals on this basis are reviewed for abuse of discretion.   *Lewis v. Buxton*, 2d Dist. Greene No. 2006-CA-122, 2007-Ohio-5986, ¶ 5, citing *Spiegel v. Westafer*, 3d Dist. Union No. 14-05-18, 2005-Ohio-6033.   An abuse of discretion " 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' "   (Citations omitted.)   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).   "[M]ost instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary."   *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990).   Decisions are unreasonable if they are not supported by a sound reasoning process.   *Id*.

### B. Federal Court Extension for Service to be Perfected

{¶ 17} Shehee's first argument is that the federal court extended the time for service and that he successfully accomplished service during the extension. His second argument is that the one-year service period in Civ.R. 3(A) and R.C. 2305.17 is a "period of limitations" that was tolled due to 28 U.S.C. 1367(d) and the United States Supreme Court's decision in *Artis v. D.C.*, 199 L.Ed.2d 473, 138 S.Ct. 594 (2018). In their briefs, Kings and Synchrony did not reply to these arguments in any detail.

{¶ 18} Under Civ.R. 3(A), "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *." As applicable here, R.C. 2305.03(A) states in pertinent part that "unless a different limitation is prescribed by statute, a civil action may be commenced only within the period prescribed in sections 2305.04 to 2305.22 of the Revised Code." In that vein, R.C. 2305.17 further provides that: "An action is commenced within the meaning of sections 2305.03 to 2305.22 and sections 1302.98 and 1304.35 of the Revised Code by filing a petition in the office of the clerk of the proper court * * *, if service is obtained within one year."

{¶ 19} Shehee filed the state court action on August 31, 2021, but the regular mail service that he requested was clearly incorrect and did not perfect service at that time. However, as noted, Synchrony filed a notice of removal to federal court. Under 28 U.S.C. 1446(d), "[p]romptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the

State court shall proceed no further unless and until the case is remanded." There is no claim here that Synchrony failed to meet the provisions for removal in 28 U.S.C. 1446(d).

{¶ 20} "A basic removal principle is that once the provisions of Section 1446(d), Title 28, U.S.Code have been met, the state court is divested of jurisdiction to proceed further until there has been a remand by the federal court." *Borkowski v. Abood*, 117 Ohio St.3d 347, 2008-Ohio-857, 884 N.E.2d 7, ¶ 12, citing *Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 754 (4th Cir.1996). "As a result, any subsequent state court proceedings are without effect even if the federal court later determines that removal was not proper." *Id.*, citing *South Carolina v. Moore*, 447 F.2d 1067, 1073 (4th Cir.1971). "Upon remand, the state court's jurisdiction over the matter is revived." *Id.*, citing 28 U.S.C. 1447(c).

{¶ 21} The Supreme Court of Ohio has interpreted 28 U.S.C. 1446(d) "to mean that in the interval between the filing of a notice of removal and a federal court's remand of the proceedings, a state trial court is divested of jurisdiction." *Id.* at ¶ 13. Consequently, in the case before us, the trial court no longer had any jurisdiction between September 30, 2021 (when the removal notice was filed), and September 27, 2022 (when the federal court issued the remand order).

{¶ 22} As asserted by Synchrony in the federal case, the basis for removal was that Shehee's claim under the Fair Debt Collection Practices Act ("FDCPA") invoked the federal court's jurisdiction under 28 U.S.C. 1331 for cases arising under federal law. *See* Case 274, Report and Recommendation (Mar. 30, 2022), p. 4. In light of this fact, the magistrate concluded that the federal court had jurisdiction over the case. *Id.* Subsequently, after Shehee said that he wished to dismiss his FDCPA claim, the

magistrate granted the request and asked the parties to address supplemental jurisdiction under 28 U.S.C. 1367. As the magistrate noted, this statute "permits federal courts to hear state law claims which are part of the same case or controversy as the original jurisdiction claims." Case 274, Order Dismissing Fair Debt Collection Practices Claim; Supplemental Report and Recommendation (May 2, 2022), p. 3.

{¶ 23} After the parties complied, the magistrate issued another decision, finding that the claims left in the complaint were within the court's supplemental jurisdiction "because they are part of the same case or controversy with the now-dismissed FDCPA claim." Case 274, Second Supplemental Report and Recommendation (June 17, 2022), p. 2. The magistrate nonetheless recommended that the case be dismissed without prejudice based on Shehee's failure to obtain service, i.e., Shehee failed to take steps in federal court to serve the complaint. *Id.* In addition, the magistrate rejected Shehee's request for a 60-day extension of time to obtain service of process. *Id.* at p. 1-2.

{¶ 24} After reviewing Shehee's objections to the magistrate's decisions, the federal court rejected the magistrate's conclusion that the action should be dismissed. Instead, the court found that Shehee should be granted 60 days after remand to perfect service. Case 274, Decision and Entry at p. 4-5. The court further declined to exercise supplemental jurisdiction over the state law claims and remanded the case to the trial court. *Id.* at p. 5.

{¶ 25} Regarding supplemental jurisdiction, 28 U.S.C. 1367(a) states that:

[I]n any civil action of which the district courts have original jurisdiction, the
district courts shall have supplemental jurisdiction over all other claims that

are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

{¶ 26} 28 U.S.C. 1367(c) further provides that a district court may decline to exercise supplemental jurisdiction in various situations, including, as here, where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. 1367(c)(3). Additionally (and as potentially relevant here), 28 U.S.C. 1367(d) states that:

The period of limitations for any claim asserted under subsection (a), and for any other claim in the same action that is voluntarily dismissed at the same time as or after the dismissal of the claim under subsection (a), shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.

{¶ 27} Shehee's argument in this context is that the reference to "period of limitation" in 1367(d) is broader than just a "statute of limitations" and that the one-year time limitations in R.C. 2305.17 and Civ.R. 3(A) fit within the wording of 1367(d). Therefore, according to Shehee, Ohio's limitation on commencing an action was tolled while the case was pending in federal court.

{¶ 28} In *Artis*, the United States Supreme Court considered how the tolling provision in subsection 1367(d) should apply. *Artis*, 583 U.S. at 77, 138 S.Ct. 594, 199 L.Ed.2d 473. The court remarked that 28 U.S.C. 1367 was added in 1990 to codify the pendant and ancillary jurisdiction doctrines under the term "supplemental jurisdiction."

*Id.* at 75. The court also noted that "if a district court declines to exercise jurisdiction over a claim asserted under § 1367(a) and the plaintiff wishes to continue pursuing it, she must refile the claim in state court. If the state court would hold the claim time barred, however, then, absent a curative provision, the district court's dismissal of the state-law claim without prejudice would be tantamount to a dismissal with prejudice." *Id.* at 76.

{¶ 29} Before *Artis* was decided, courts had been divided on how to apply 1367(d), with some using a "stop the clock" approach and others applying a "grace period." *Id.* at 78-79. In the former situation, the clock on the statute of limitations would be paused during the federal proceeding and until 30 days after the state law claims were dismissed; in the latter situation, a plaintiff would have only 30 days for refiling otherwise barred claims in state court. *Id.* at 79, fn. 3. In other words, in the latter case, the statute of limitations would not be paused, but if it expired while removal proceedings were pending, a litigant would still have 30 days to file in state court after remand.

{¶ 30} After considering the text of 1367(d), the statutory history, and limitations on congressional incursion into the States' domain, the Supreme Court adopted the "stop the clock" rule. *Id.* at 80-92. As a result, any state statute of limitations would be suspended during federal removal proceedings and the suspension would continue for 30 days after remand. At that point, the "clock" on the statute of limitations would again begin.

{¶ 31} However, 28 U.S.C. 1367(d) does not apply here because it refers only to tolling where a federal court dismisses the state law claims; it does not refer to situations like the present case, where the federal court simply remanded the case to the state court

and did not dismiss the state law claims. *See Crespo v. Wells Fargo Bank & Co.*, E.D. Pa. No. 22-2059, 2022 WL 2392030, *3, fn. 36 (June 30, 2022) (noting that "remand" rather than "dismissal" appears to conflict with the language in subsection 1367(d), which mentions dismissal but "does not speak to remand"). Consequently, even if the one-year period in R.C. 2305.17 and Civ.R. 3(A) could be properly classified as a "period of limitation" as Shehee suggests (a proposition we doubt but need not decide), 28 U.S.C. 1367(d) would not impact the state court proceedings.

{¶ 32} Notably, before 28 U.S.C.1367 was added to the removal statutes in 1990, the United States Supreme Court had held that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988). When *Cohill* was decided, there were no provisions in the removal statutes for remanding pendant (now supplemental) claims as opposed to dismissing the federal action. *Id.* at 353-356. Despite this lack, the court found that district courts could remand cases rather than being restricted to dismissing them.

{¶ 33} As a result, when Congress enacted Section 1367, including subsection (d) in 1990, it would have been aware that federal courts could remand cases to state court instead of dismissing them. *E.g., Rodriguez v. United States*, 480 U.S. 522, 525, 107 S.Ct. 1391, 94 L.Ed.2d 533 (1987) (noting the presumption that Congress acts "with full awareness of * * * well-established judicial interpretation"). While being aware of the distinction between dismissal and remand, Congress did not include remand in the

situations in subsection (d) that would permit tolling of "periods of limitation." To the contrary, as noted, 1367(d) refers only to "dismissal." Therefore, tolling cannot apply here.

{¶ 34} As an additional matter, the federal court's 60-day extension of time for service does not apply. Fed.R.Civ.P. 4(m) provides that: "If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

{¶ 35} This procedural rule clearly applies to service *in the federal court action* and dismissal of *that action*. It does not vest a federal court with the power to control or affect state court procedural rules. "It is well-settled that the Federal Rules of Civil Procedure are not binding on a state court." *Robinson v. Lorain Cty. Printing & Publishing Co.*, 9th Dist. Lorain No. 21CA011711, 2023-Ohio-3, ¶ 19, citing Fed.R.Civ.P. 1 and *In re Anisha N.*, 6th Dist. Lucas No. L-02-1370, 2003 WL 21040311, *2 (May 9, 2003). In *Robinson*, the court rejected the plaintiffs' claim that the trial court erred by failing to notify them that it intended to dismiss the case. To support this, the plaintiffs cited Fed.R.Civ.P. 4(m)'s notice requirement. *Id.* at ¶ 20. As noted, the court of appeals rejected application of the federal rules.

{¶ 36} Accordingly, the federal district court's 60-day extension for service had no impact on the state trial proceedings and did not extend the time for Shehee to perfect service in state court. The federal district court could have allowed Shehee an additional

60 days to perfect service in its own court, but that is not what it did. Instead, the court granted an extension to apply in state court after remand, which it could not do.

## C. Alleged Refiling of the Complaint

**{¶ 37}** Shehee's final argument is that filing the second amended complaint plus a request for service was equivalent to refiling the complaint under *Goolsby*, 61 Ohio St.3d 549, 575 N.E.2d 801. In *Goolsby*, the Supreme Court of Ohio held that:

> When service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ. R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint.

*Id.* at syllabus.

**{¶ 38}** The factual situation in *Goolsby* was that the plaintiff filed a complaint in February 1986 but instructed the clerk not to attempt service. However, two days before the statute of limitations expired, the plaintiff asked the clerk to make service, and service was perfected after the limitations period expired. *Id.* at 549. The one-year period for obtaining service had already lapsed more than five months before the plaintiff requested service. *Id.* With the trial court's permission, the plaintiff then dismissed her action without prejudice around 15 months later (in October 1988) and then refiled it in June 1989, pursuant to the savings statute in R.C. 2305.19. *Id.* at 550.

{¶ 39} The defendant moved to dismiss the second action because service had not been completed in the first action within one year, rendering the first action a nullity and making the savings statue inapplicable. After the trial court agreed and dismissed the case, the court of appeals affirmed. *Id.* On further appeal, the Supreme Court of Ohio reversed. The court acknowledged that:

> A purely technical application of Civ.R. 3(A) would result in a finding that Goolsby had not commenced her action, despite the fact that the first complaint was filed and a demand for service was made within the limitations period prescribed by statute. Yet, it is not disputed that had Goolsby dismissed her complaint and again filed it at the time instructions for service were given, the action would have been commenced according to Civ.R. 3(A). We believe that under these circumstances the Civil Rules should not require a plaintiff to refile a complaint identical to one which has previously been, and remains, filed. Such an exercise could not be said to "effect just results by eliminating delay, unnecessary expense and all other impediments to the expeditious administration of justice." Civ.R. 1(B). Consequently, we hold that when service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ.R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint.

*Goolsby*, 61 Ohio St.3d at 550-551, 575 N.E.2d 801.

{¶ 40} In a more recent case, the Supreme Court of Ohio considered R.C. 2305.17, Civ.R. 3(A), R.C. 2305.19, and <u>Goolsby</u>. *See Moore v. Mt. Carmel Health Sys.*, 162 Ohio St.3d 106, 2020-Ohio-4113, 164 N.E.3d 376. In *Moore*, the plaintiff had filed a medical malpractice action against a doctor in July 2015 (the day before the statute of limitations expired) and had requested service of summons on the doctor. However, service was not perfected within a year. Service was perfected on two other defendants, including the doctor's employer. The doctor and his employer then filed an answer raising defenses based on the statute of limitations and insufficient service of process. *Id.* at ¶ 3-6.

{¶ 41} After participating in the action for some time, the doctor moved for summary judgment in February 2017, contending the action was time barred due to the plaintiff's failure to serve him within one year after the complaint was filed. Shortly thereafter, the plaintiff requested service, and it was then perfected on the doctor in early March 2017. *Id.* at ¶ 7. The trial court granted summary judgment, and the plaintiff then appealed. However, the Tenth District Court of Appeals reversed, concluding that the savings statute applied. The court of appeals relied on *Goolsby*, construing the plaintiff's "instructions for service of process on March 2, 2017, as a voluntary dismissal of his action and a refiling of a new action against [the doctor] by operation of law." *Id.* at ¶ 9.

{¶ 42} The Tenth District then certified the following conflict:

" 'Does the Ohio savings statute, R.C. 2305.19(A), apply to an action

in which a plaintiff attempts, but fails to perfect service on the original

complaint within one year pursuant to Civ.R. 3(A)?   If so, when a plaintiff

files instructions for service after the Civ.R. 3(A) one-year period, does the

request act as a dismissal by operation of law and also act as the refiling of

an identical cause of action so as to allow the action to continue?' "

*Id.* at ¶ 10, quoting *Moore.*

**{¶ 43}** In deciding the matter, the Supreme Court of Ohio noted that under R.C. 2305.17 and Civ.R. 3(A), "to comply with the statute of limitations, an action must be 'commenced' within the limitations period.   Under Civ.R. 3(A), this occurs when the action is filed within the limitations period and service is obtained within one year of that filing."   *Moore* at ¶ 16.   The court further concluded that:

By its terms, the savings statute cannot save [plaintiff] Moore's claim.

In order for the statute to apply, the claim must have failed "otherwise than

upon the merits" and then Moore must have filed a new claim within one

year thereafter.   Here, when Moore issued instructions to the clerk to serve

the complaint in March 2017, Moore's claim hadn't failed other than on the

merits.   The case remained on the court's docket – it was subject to

dismissal, to be sure, both because Moore had failed to accomplish service

and because the statute of limitations had run.   But no such dismissal had

been entered, and if such dismissal had been entered, the expiration of the

statute of limitations would have made the failure on the merits.

*Id.* at ¶ 19, quoting R.C. 2305.19.

**{¶ 44}** After making these remarks, the court acknowledged that its decision was

complicated by *Goolsby*, which had allowed a case to proceed despite a violation of Civ.R. 3(A). *Id.* at ¶ 20-21, discussing *Goolsby*, 61 Ohio St.3d 549, 575 N.E.2d 801. The court then distinguished *Goolsby* factually, stating that "[w]hen Goolsby issued her instruction to the clerk to attempt service of the complaint, she was still within the limitations period. Because the limitations period had not yet run, she could have simply dismissed her complaint without prejudice and refiled it. In contrast, when Moore issued his instructions to the clerk in March 2017, the statute-of-limitations period had already expired." *Id.* at ¶ 22.

{¶ 45} The court thus remarked that: "[t]he rationale underlying the rule announced in *Goolsby* * * * is that in the circumstances of that case – where the statute of limitations had not run – it was an unnecessary and onerous procedural hurdle to force a plaintiff to dismiss and refile an identical complaint. The key distinction between *Goolsby* and our case is that here, the statute of limitations had run when Moore requested that the clerk make a renewed attempt at service. To apply the savings statute to revive the action in our case, despite the plain terms of Civ.R. 3(A), has the effect not of avoiding unnecessary procedural hoop jumping, but of extending the statute of limitations beyond the term set by the legislature." *Id.* at ¶ 25.

{¶ 46} The court therefore declined to apply *Goolsby* but also found that it needed to consider its continued viability because some courts had extended *Goolsby* beyond the facts of the case. As a result, the court held in *Moore* that:

> To prevent any further confusion, we make clear today that *Goolsby* is
> limited to the factual circumstance that motivated its holding. Thus, the rule

announced in *Goolsby* – that a new instruction to the clerk to serve a complaint that is made after Civ.R. 3(A)'s commencement period has expired may be treated as a dismissal and refiling for purposes of the savings statute -- applies only when the statute of limitations has not yet expired.

*Moore*, 162 Ohio St.3d 106, 2020-Ohio-4113, 164 N.E.3d 376, at ¶ 26.

**{¶ 47}** The dissent in *Moore* found the majority decision "unsound" because it eliminated the wording of "attempted to be commenced" from the savings statute. *See Moore* at ¶ 58 and 60 (Stewart, J., dissenting), Justice Stewart noted that Civ.R. 3(A) is a "housekeeping rule," not a "timing provision," and "was *based on the philosophy that dockets should be cleared if, within the reasonable time of one year, service has not been obtained.*" (Emphasis sic.) *Id.* at ¶ 60. In addition, Justice Stewart stressed that "[p]resently, nothing [in R.C. 2905.19(A)] says that an action meets the definition of an 'action that is * * * attempted to be commenced' * * * only if that action is dismissed within the confines of Civ.R. 3(A)'s one-year service period." *Id.* This appears to be accurate. Specifically, if the savings statute were confined only to actions that were "commenced" as required by Civ.R. 3(A), the legislature would have had no reason to also include the words "*attempted to be commenced*" in R.C. 2305.19(A). Nonetheless, the majority decision in *Moore* and its limitation of *Goolsby* must be applied.

**{¶ 48}** As noted, Shehee contends that under *Goolsby*, the filing of his second amended complaint and request for service should be construed as refiling a complaint. In responding, Kings and Synchrony (who filed virtually identical briefs and are

represented by the same counsel) argue that *Goolsby* does not apply because Shehee did not ask for leave to file an amended complaint. They also maintain that while "*Goolsby* permitted service of an amended complaint to achieve a result analogous with O.R.C. 2305.19," "the savings statute does not permit two re-filings." Kings' Brief, p. 5 and Synchrony Brief, p. 6.

{¶ 49} As a preliminary point, the case before us does not involve "two re-filings." Shehee filed his initial complaint in the trial court in August 2021, Synchrony filed a notice of removal to federal court in September 2021, and the case was remanded back to the trial court in September 2022. Furthermore, *Goolsby* did not involve either filing or service of an amended complaint. The plaintiff in that case filed only one complaint in the original action, where she requested service a few days before the statute of limitations expired. *Goolsby*, 61 Ohio St.3d at 550, 575 N.E.2d 801.

{¶ 50} Moreover, the only thing the Supreme Court of Ohio focused on in *Goolsby* was the fact that while the year for perfecting service had elapsed, the plaintiff made – within the statute of limitations – a request for service. *Id.* Thus, the plaintiff could have dismissed her action at that time and refiled, making Civ.R. 3(A) essentially irrelevant. In this vein, whether Shehee properly asked for permission to file an amended complaint is also immaterial, since the pertinent action in *Goolsby* was the request for service.

{¶ 51} The issue here, therefore, is whether the current case is factually similar to what occurred in *Goolsby*, since its effect has been limited in that regard. This requires review of the original complaint and the applicable statutes of limitation that may apply.

{¶ 52} Shehee's original complaint alleged various improper conduct by Kings that

occurred between June 13, 2020, and July 21, 2020 (when Shehee and Kings were involved in a furniture sale and disputes about the transaction), as well as during an unspecified time between June 13, 2020, and October 16, 2020, at the latest (when Kings allegedly misrepresented material facts to Synchrony about the dispute). The counts against Kings (and the applicable statutes of limitation) were as follows:

Count 1: This involves Kings' alleged deceptive acts in "bait advertising" in violation of R.C.1345.02(B) and Ohio Adm.Code 109:4-3-01(A)(3). Complaint, ¶s 1-18 and 22. Under R.C. 1345.10(C), an action for violations of R.C. 1345.01 through R.C. 1346.13 "may not be brought more than two years after the occurrence of the violation which is the subject of suit." Two years from that time would have been June 13, 2022, or as late as July 21, 2022.

Count Two: This count discusses Kings' price comparison conduct in violation of the same statutes involved in Count One. See Complaint, ¶ 23-24. Again, a two-year statute of limitations applies, with the same expiration dates.

Count Three: This count involves Kings' alleged conduct concerning an implied warranty of merchantability as to refund and return of furniture, in violation of R.C. 1310.19 and U.C.C. 2A-212. Complaint at ¶s 25-26. Under R.C. 1303.16(G)(2), an action for breach of warranty must be brought within three years after the cause of action accrued, or here, by July 21, 2023.

Count Four: This involves Kings' alleged fraud as to misrepresentations during the furniture sale and as to later misrepresentations to Synchrony (Shehee's credit card company) during the credit card dispute. Complaint at ¶s 27-30 and 34. Under R.C. 2305.09(C), the statute of limitations for fraud is four years. Respectively, here, an action must be brought no later than July 21, 2024, and no later than October 16, 2024.

Count Five: This count involves breach of contract as to providing service under an extended warranty agreement that Shehee purchased from Kings. Complaint at ¶ 35-37. The date of this violation is not specified, but under the warranty statute of limitations in R.C. 1303.16(G)(2), it appears suit must have been brought within three years, or by July 21, 2023.

{¶ 53} Considering these claims, when Shehee requested service to be made on October 27, 2022, the limitations period had expired for Counts One and Two, and possibly Count Four, if the allegations against Kings in Court Four are considered to fall within the Ohio Consumer Sales Practice Act ("OCSPA") rather than common law fraud. On the other hand, the statute of limitations for Counts Three and Five had not expired, and possibly had not expired as to Count Four to the extent that common law fraud applied. Specifically, claims can be made for common law fraud as well as a violation of the OCSPA. *See* R.C. 1345.13 ("The remedies in sections 1345.01 to 1345.13 of the Revised Code, are in addition to remedies otherwise available for the same conduct under

state or local law."); *Mid-America Acceptance Co. v. Lightle*, 63 Ohio App.3d 590, 601, 579 N.E.2d 721 (10th Dist.1989) ("It is clear that the legislature fully intended for the remedies available to the consumer in R.C. 1345.09 to be in addition to remedies already available such as damages for common-law fraud.")

{¶ 54} The claims in the original complaint against Synchrony were as follows:

Count Four: This count involves Synchrony's alleged fraud in knowingly and recklessly making false representations of material fact to collect a debt in violation of the Fair Debt Collection Practices Act, 15 USC 1692(e)(f) (later dismissed by Shehee in federal court) and in violation of the OCSPA [R.C. 1345.01(A); R.C. 1345.02(A) and R.C. 1345.03(A)]. *See* Complaint at ¶ 34 [incorrectly labeling these alleged violations as violations of R.C. 1945.01(A), R.C. 1945.02(A), and R.C. 1945.03(A)]. Again, the two-year statute of limitations applies, per R.C. 1345.10. The complaint does not specify a date on which the alleged violations occurred, but it appears to have been no later than October 16, 2020, when Synchrony denied Shehee's dispute. Complaint at ¶ 18. On the other hand, actions could have been taken thereafter to collect the credit card debt that involved fraud. The complaint is not specific in this regard.

Count Five: This count alleges Synchrony breached its contract with Shehee by failing to honor the terms and agreement to allow fair and honest review of charges on the credit account. *Id.* at ¶ 34. The statute of limitations would be either six years per R.C. 2305.06 (for written

contracts), or four years under R.C. 2305.07(A) for "an action upon a contract not in writing, express or implied." *See Unifund CCR Partners v. Piaser*, 2018-Ohio-3016, 118 N.E.3d 275, ¶ 33 (11th Dist.) (applying six-year statute to credit card agreement). *But see Unifund CCR Partners Assignee of Palisades Collection, LLC v. Childs*, 2d Dist. Montgomery No. 23161, 2010-Ohio-746, ¶ 16-17 (concluding that whether the limitations period for written contracts applied or period for oral contracts applied was uncertain in absence of specific proof). Based on the complaint, the latest filing date would be either four or six years from October 16, 2020, i.e., in October 2024 or 2026.

**{¶ 55}** Given these facts, when Shehee's service request was made on October 27, 2022, the statute of limitations had possibly expired for Count Four against Synchrony but had not expired for Count Five.

**{¶ 56}** In light of the above facts, this case is like *Goolsby*, and the trial court abused its discretion by dismissing the case rather than allowing the service request (made within the statute of limitations for several claims) to serve as a refiling of the action.

**{¶ 57}** As a final matter, we note Synchrony's claim that Shehee waived any argument in connection with the trial court's dismissal of the complaint against Synchrony by failing to respond to the motion in the trial court. The general rule in this respect is that "[a]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." *State v.*

*Berezoski*, 2d Dist. Montgomery No. 9568, 1986 WL 14770, *6 (Dec. 17, 1986), citing *State v. Williams*, 51 Ohio St.2d 112, 114, 364 N.E.2d 1364 (1977).   "Need not" is not the same as "shall not."   Under the circumstances here, we decline to apply this doctrine.   Specifically, Kings and Synchrony (for unexplained reasons) were represented by the same counsel, who would have received Shehee's response.   Additionally, the defendants' motions to dismiss were virtually identical, and Shehee fully responded to those arguments three months before the trial court ruled on the motions.   The trial court therefore had all relevant facts and arguments before it.   A second memorandum responding to identical arguments would have added nothing.

{¶ 58} Based on the preceding discussion, Shehee's sole assignment of error is sustained.

### III.   Conclusion

{¶ 59} Shehee's sole assignment of error having been sustained, the judgments of the trial court are reversed, and this cause is remanded for further proceedings.

. . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.